Hillsborough,
No. 5979.

BARBARA NIEMIEC *& a.*

*v.*

JOHN A. KING, *Director of Probation.*

Argued October 8, 1969.
Decided October 31, 1969.

*Edward P. McDuffee* (by brief and orally), for Barbara Niemiec individually and on behalf of John and Linda Niemiec.

*Edward J. Reichert* (by brief and orally), for Marjorie A. Porfido and others.

*George S. Pappagianis,* Attorney General, and *Richard A. Hampe,* Attorney (*Mr. Hampe* orally), for John A. King.

LAMPRON, J. Petition to enjoin John A. King, as Director, from deducting, and forwarding for deposit to the general fund, 5% of all monthly collections made by the Board of Probation in accordance with footnotes to the general appropriations made

for the biennium 1969-1971. Laws 1969, ch. 367, *p.* 522 and ch. 368, *p.* 607. The Board, under a Court order dated May 7, 1963, has been collecting (and now deducting 5% therefrom) $17.50 per week for the support of two minor children of plaintiff, Linda M. Niemiec, to whom their custody was granted. Marjorie A. Porfido and others similarly interested joined the plaintiff in presenting arguments against the validity of these deductions from moneys collected by the Board. Questions of law presented by an agreed statement of facts were reserved and transferred, without ruling, by *Loughlin,* J.

The main arguments advanced in favor of the injunction are that the law authorizing these deductions from moneys collected on behalf of the plaintiffs violates the constitutional requirements of due process and of the equal protection of the laws, impairs the obligation of contracts, and violates the doctrine of separation of powers.

This court has often stated "that it is not the function of the judicial branch of the government to pass on the wisdom, desirability and expediency of statutes enacted by the Legislature." *Brown* v. *Lamprey,* 106 N. H. 121, 124. Hence the argument made that in certain cases these deductions are "self-defeating" is not for our consideration. It has also been the practice of this court to presume that a legislative act is constitutional and not to delcare it invalid except on "unescapable grounds." *Chronicle &c. Pub. Co.* v. *Attorney General,* 94 N. H. 148, 151.

As is the case with all legislative enactments, the nature and validity of the footnotes in question are to be determined by their essential characteristics. *Laconia* v. *Gordon,* 107 N. H. 209, 211. It seems clear to us from the method used and the language employed, that the Legislature intended to impose by these footnotes a reimbursement charge for the money collection services performed by the Board of Probation. *Frizzell* v. *Charlestown,* 107 N. H. 286, 288. It has long been recognized that governmental undertakings can properly be supported in whole or in part by charges made upon those who avail themselves of the advantages offered thereby. *Opinion of the Justices,* 81 N. H. 552, 554. See *Opinion of the Justices,* 93 N. H. 478, 481. Such charges must bear a relation to the expense of rendering the particular service. See *Opinion of the Justices,* 94 N. H. 501, 504; *Marine Corps League* v. *Benoit,* 96 N. H. 423, 426. It has not been argued, nor could it be, in our opinion, that a 5% reimbursement charge would not meet that test.

Such a reimbursement charge is not a tax and the constitutional limitations upon the taxing power have no application thereto. *Opinion of the Justices,* 81 N. H. 552, 555; *Hanson* v. *Griffiths,* 124 N. Y. S. 2d (Supr. Ct.) 473, 476. The imposition of such a charge does not come within the constitutional provisions of Const., Pt. II, *Art.* 18th requiring that "all money bills shall originate in the house of representatives." *Opinion of the Justices,* 102 N. H. 80, 82, 83. We do not find improper the provision that these reimbursement charges are to be paid into the "general fund unrestricted revenue" from whence the probation department rendering the service is supported. *Rinaldi* v. *Yeager,* 384 U. S. 305, 309; Laws 1969, 367:1, 4, 368:1, 4.

An examination of the provisions of RSA ch. 504 reveals that the various functions required to be performed by the probation officers fall into two general categories. In the first category are the duties performed mainly as an adjunct to the operation of the judicial system, that is, in the interest of the general public. These include conducting an investigation and making a report thereof before a defendant can be placed on probation. RSA 504:2. A like duty may exist when a petition for the appointment of a guardian over a minor is filed. *Id.* The probation officer may arrest a probationer who has violated any condition of his probation. RSA 504:4. Section 15 of this chapter which enumerates the powers and duties of probation officers also demonstrates that a great number of these are performed to insure the proper operation of the judicial system which means that these services are performed in the interest of the public in general.

"The collection and disbursement of fines and restitution payments and payments ordered in divorce, non-support, and bastardy cases" made by probation officers (RSA 504:16) and the giving and taking of receipts in such cases (*Id.,* 17) can properly be considered by the Legislature as being essentially a direct service rendered to the parties involved themselves and in our opinion could properly be selected for the imposition of a charge for these services. *Opinion of the Justices,* 93 N. H. 478, 482; *Rinaldi* v. *Yeager,* 384 U. S. 305, 309. We fail to see how a reimbursement charge imposed on persons receiving this particular type of service is violative of the Due Process or of the Equal Protection Clauses. No discriminatory application to members of the class is involved.

An order for support such as that made in favor of the plaintiffs in this case whether decreed in accordance with a stipulation of the parties or otherwise is always subject to modification by the Court for proper cause. *Collette* v. *Collette,* 108 N. H. 469. A reimbursement charge can be avoided by an order requiring payments to be made directly to the parties. Any change in mode of payment or amount received brought about by these charges cannot be considered such an unreasonable interference with the rights of the parties as to constitute an unlawful impairment of their right to contract. See *Carter* v. *Craig,* 77 N. H. 200; *Kimball* v. *Badger,* 93 N. H. 345. Nor can we see how the imposition by the Legislature of this reimbursement charge constitutes an invasion of powers essentially judicial in their nature. See *Opinion of the Justices,* 101 N. H. 531.

*Petition for injunction denied.*

All concurred.