Request of the House of Representatives
No. 7783

OPINION OF THE JUSTICES

May 16, 1977

The following resolution was adopted by the house of representatives on April 28, 1977, and filed with the supreme court on May 2, 1977.

"Whereas, House Bill 387, an act establishing the police standards and training council fund to consist of penalty assessments imposed in certain criminal cases, is before the House for consideration; and

"Whereas, House Bill 387 levies a penalty assessment of $2 or 10 percent, whichever is greater, on each fine, penalty or forfeiture imposed by the court for a criminal offense, with certain exceptions; and

"Whereas, House Bill 387 provides that the clerk of each court shall collect all penalty assessments and shall transmit such assessments monthly to the police standards and training council for deposit with the state treasurer in the police standards and training fund; and

"Whereas, House Bill 387 states that if the court determines that payment of all or any part of the penalty assessment would work a hardship on the person convicted or his immediate family, the court may suspend the payment of all or any part of the assessment; and

"Whereas, a question has arisen as to the constitutionality of House Bill 387; now, therefore, be it

"Resolved by the House of Representatives:

"That the Justices of the Supreme Court are respectfully requested to give their opinion and answer the following questions:

"I. Is the penalty assessment imposed by House Bill 387 a tax within the meaning of part 2, Articles 5 and 6 of the constitution of New Hampshire?

"II. Is the class to be taxed under House Bill 387 a permissible class under part 2, Articles 5 and 6 of the constitution of New Hampshire?

"III. Would the penalty assessment imposed by House Bill 387 be an excessive fine or disproportional to the offense within the meaning of part 1, Article 18 of the constitution of New Hampshire?

"IV. Does any part of House Bill 387 violate part 1, Article 18; part 1, Article 33rd; part 2, Article 5; part 2, Article 6 or any other provision of the constitution of New Hampshire?

"Be It Further Resolved, that the clerk of the House of Representatives transmit seven copies of this resolution to the Justices of the Supreme Court along with copies of the bill."

The following answers were returned:

*To the House of Representatives*

The undersigned justices of the supreme court, return the fol-

lowing reply to the inquiries contained in your resolution adopted April 28, 1977, and filed with this court on May 2, 1977.

■ Your first question requires us to determine whether the penalty assessment contemplated by House bill 387 is a tax within the meaning of part II, articles 5 and 6 of the Constitution of New Hampshire. The penalty assessment would be used to provide funding for the police training programs established by the police standards and training council pursuant to RSA ch. 105-A (Supp. 1975). At least ten states have such a program to fund police training. *See, e.g.,* Mass. Gen. Laws Ann. ch. 280 § 6 A (Supp. 1976), setting a twenty-five percent special cost assessment on fines to finance that state's training programs. Our answer is that these charges do not constitute taxes within the meaning of those sections. It has long been recognized that governmental undertakings can properly be supported in whole or in part by charges made upon those who necessitate the services or who avail themselves of the advantages offered thereby. *Niemiec v. King,* 109 N.H. 586, 258 A.2d 356 (1969); *Opinion of the Justices,* 81 N.H. 552, 120 A. 629 (1923); *see Opinion of the Justices,* 93 N.H. 478, 39 A.2d 765 (1944). Such charges must, as is the case here, bear a relation to the expense of rendering the particular service. *Niemiec v. King supra; Opinion of the Justices,* 94 N.H. 501, 51 A.2d 836 (1947); *Marine Corps League v. Benoit,* 96 N.H. 423, 78 A.2d 513 (1951). Charges of this nature are not taxes, and constitutional limitations upon the taxing power have no application thereto. *Niemiec v. King supra; Opinion of the Justices,* 81 N.H. 552, 120 A.2d 629 (1923); *see, e.g.,* RSA 604-A:9. Accordingly, the answer to your first question is "No." This response renders an answer to your second question unnecessary.

■ Your third inquiry raises the question of whether the penalty assessment imposed by House bill 387 is an excessive fine or a penalty disproportional to the offense within the meaning of part I, article 18 of the Constitution of New Hampshire. This article applies to penalty charges, which are exactions imposed as punishment for the commission of an unlawful act. *United States v. LaFranca,* 282 U.S. 568, 572 (1931); *Lipke v. Lederer,* 259 U.S. 557, 561–62 (1922). The charges proposed by House bill 387, however, are not intended for the purpose of punishment, but rather are levied to raise revenue for the training of police officers by imposing a special charge upon those who occasion the need for law

enforcement. Accordingly, the penalty assessments provided for in House bill 387 do not come within the meaning of N.H. Const., pt. I, art. 18, and the answer to your third question is "No."

■ Finally, you ask whether any part of House bill 387 violates part I, article 18; part I, article 33; part II, article 5; part II, article 6; or any other provision of the Constitution of New Hampshire. We have discussed the applicability of part I, article 18 and part II, articles 5 and 6 above. As to part I, article 33, it is our opinion that part II of House bill 387, which provides that penalty assessments shall be computed upon the basis of the offender's "total fine or bail", does violate that provision's prohibition against the imposition of excessive bail or sureties, as well as the similar prohibition of the eighth amendment to the United States Constitution. The purpose of the imposition of bail is to assure the defendant's appearance in court, and therefore the amount of bail may be set no higher than that figure reasonably required to accomplish this result. *See* ABA Standards Relating to Pretrial Release § 5.3 (b) and (d) (Approved Draft, 1968). Once bail is set at an amount determined to be reasonable the addition of the assessment contemplated by House bill 387 would render the total amount excessive, in violation of N.H. Const., pt. I, art. 33 and the eighth amendment of the United States Constitution. Such was the holding in California regarding the bail assessment provisions supporting that state's commission on peace officer standards and training. *McDermott v. Superior Court*, 6 Cal. 3d 693, 493 P.2d 1161, 100 Cal. Rptr. 297 (1972).

According to a memorandum filed with this court the words "bail" and "forfeiture" in proposed RSA 105-A: 8 were placed in the bill erroneously. If deleted the bill would pass constitutional muster.

FRANK R. KENISON
EDWARD J. LAMPRON
WILLIAM A. GRIMES
MAURICE P. BOIS

DOUGLAS, J., as a member of the police standards and training council, asked to be excused from rendering an opinion.

Arthur D. Kehas filed memorandum in behalf of the New Hampshire Police Standards and Training Council.