Hillsborough
No. 78-289

THE STATE OF NEW HAMPSHIRE

v.

FRANCIS G. HOLLAND

March 30, 1979

*Thomas D. Rath,* attorney general (*Anne E. Cagwin* orally), for the State.

*Francis G. Holland,* of Nashua, pro se.

MEMORANDUM OPINION

Defendant, who was convicted in the Milford District Court of speeding, for violating RSA 262-A:54, appealed to the Hillsborough County Superior Court where he pleaded nolo contendere. He was fined $20 and a ten percent penalty charge in accordance with RSA 105-A:8 (Supp. 1977) was added. He excepted to the imposition of the penalty charge and his exception was transferred by *Cann,* J.

In *Opinion of the Justices,* 117 N.H. 382, 373 A.2d 640 (1977), the justices of this court were of the opinion that the proposed bill which became RSA ch. 105-A was constitutional. Although we did not have the benefit at that time of the adversary process, nothing in defend-

ant's arguments leads the court to a contrary conclusion. Adding the ten percent charge does nothing more than increase all fines covered by the Act. Nothing prohibits the State from allocating whatever portion of a fine it may wish to a particular purpose. RSA 502-A:8. Thus, any part of all fines which go to the State could be allocated for the purpose of the Police Standards and Training Council. RSA 502-A:8. RSA ch. 105-A simply by implication increases all fines imposed under the statutes and all maximum fines (including those in RSA 651:2 IV) by ten percent and allocates the increase to the stated purpose. Collecting the fines plus the increase does not require the judiciary to perform an executive function any more than does collecting the fine without the increase. Nor does RSA 618:14, which prohibits the assessment of costs against respondents in criminal cases, prohibit the legislature from enacting RSA 105-A:8 (Supp. 1977).

*Exception overruled.*