OVERTON, Justice.
This is a direct appeal from the trial court’s order expressly holding constitutional the last sentence of section 960.25, Florida Statutes (1977), which provides: “The principal amount of any bail bond given as prescribed by law shall be increased by an additional 5 percent surcharge which is established hereby.” Upon bond forfeiture, the state deposits the additional five percent surcharge in the Crimes Compensation Trust Fund, a fund created to compensate victims of crimes. See § 960.21, Fla.Stat. (1977). We have jurisdiction under article V, section 3(b)(1), Florida Constitution (1972).
We previously upheld the first sentence of section 960.25 as it pertained to criminal fines and declared invalid that portion pertaining to civil fines. State v. Champe, 373 So.2d 874 (Fla.1979). We now hold the section’s last sentence to be unconstitutional because it is unrelated to bail’s purpose of assuring the accused’s attendance at trial, does not benefit the operation of the bail bond system, and results in an unjustified expense to innocent defendants. Our decision does not affect our previous holding in State v. Champe.
The present facts are undisputed. The state charged appellant, Larry Alan LaRue, with conspiracy to possess, possession of, and the unlawful importation of more than one hundred pounds of marijuana in violation of Florida’s Comprehensive Drug Abuse and Control Act. After the state arrested LaRue, the trial court set bail at $500,000, but later reduced the amount to $250,000. Pursuant to section 960.25, a surcharge increased the bail amount by five percent or $12,500, making the total amount $262,500. A bail bondsman posted bail for LaRue charging him $26,250, a nonrefundable ten percent premium. Of this premium, $625 was directly attributable to the section 960.25 surcharge. LaRue thereafter presented himself at all appropriate proceedings and, consequently, the Crimes Compensation Trust Fund received no money and in no manner benefited from the five percent surcharge. The bail bondsman, however, did benefit in that he retained the extra $625 premium.
LaRue attacked the constitutional validity of the surcharge in both his motion to reduce bail prior to arraignment and by his motion for return of bail surcharge subsequent to sentencing. The trial court, in denying both motions, specifically held section 960.25 and its bail surcharge to be constitutional. LaRue eventually pleaded nolo contendere to the charges and was sentenced to a three-year probationary period.
The question which we must decide is whether section 960.25’s bail surcharge is violative of the constitutionally guaranteed right to reasonable bail. Under article I, section 14, Florida Constitution, all criminal defendants are entitled to release on reasonable bail, unless charged with a capital offense or one punishable by life imprisonment; and, under United States Constitution, amendment VIII, bail must not be excessive. In construing the latter provision, the United States Supreme Court has expressly held that the sole purpose of bail is to ensure the attendance of the accused to answer all charges against him. Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951).
The United States Supreme Court has also addressed the issue of an added cost or charge to bail for the administration of the bail bonding process. Schilb v. Kuebel, 404 U.S. 357, 92 S.Ct. 479, 30 L.Ed.2d 502 (1971). In Schilb, the Illinois state legislature had enacted and implemented a state-operated bail bonding system to combat the evils of private sector bail bonding. Id. at 360, 92 S.Ct. at 482. See Deposit of Bail Security, Ill.Rev.Stat., ch. 38, § 110 (1963). Under the system, an accused could post with the state ten percent of the set bail amount as a method of bail satisfaction. When all bail conditions were performed, the state would return ninety percent of the accused’s payment, ten percent (one percent of the set bail amount) being retained to fund the bail bonding system’s cost. In considering the constitutional validity of the one percent charge, the Supreme Court determined that no fundamental right was at *1138 issue and that the standard to be applied was: “Is the distinction drawn by the [bail] statutes invidious and without rational basis?” Id. at 365, 92 S.Ct. at 484. The Court went on to hold that the Illinois bail bonding process was the product of much-needed reform, the legislation’s purpose was to lower the cost of bail bonds generally to all accused persons, and that the one percent charge used to fund state-operated bonding was indeed grounded in rationality. It was noted that the Illinois bail bondsman virtually and abruptly disappeared after the system’s implementation. Id. at 360, 92 S.Ct. at 482. See Boyle, Bail Under the Judicial Article, 17 DePaul L.Rev. 267 (1968).
Unlike the charge upheld in Schilb, the Florida Legislature imposed the instant surcharge not to fund the administration of the bail bonding process, but rather to fund the Crimes Compensation Commission. It should be noted that under the legislative scheme, the commission derives no revenue from the surcharge unless a bond is in fact forfeited, but the bail bondsmen benefit in every instance through the resulting increased premium. We also emphasize that all defendants, guilty and innocent, must pay the surcharge, the ultimate effect of which imposes a pretrial cost upon every defendant rather than a post-trial penalty upon those actually found guilty. Pretrial financial burdens imposed on criminal defendants for purposes other than securing the accused’s attendance at trial and totally unrelated to the bail bonding system cannot constitutionally be allowed. Any pretrial charge must directly relate to the trial participants’ use of the court system.
Other jurisdictions have similarly rejected attempts to use bail bond surcharges to fund unrelated programs. The California Supreme Court in McDermott v. Superior Court, 6 Cal.3d 693, 100 Cal.Rptr. 297, 493 P.2d 1161 (1972), considered a constitutional challenge to a statute which imposed a twenty-five percent bail bond assessment used to finance certain police training programs. The California court held that the additional sum levied as a condition precedent to the accused’s release was in violation of both the federal and California constitutions. The Supreme Court of New Hampshire likewise determined that a proposed statute imposing a ten percent bail bond assessment to finance police training was unconstitutional. Opinion of the Justices, 117 N.H. 382, 373 A.2d 640 (1977). The New Hampshire court rejected the additional charge, finding that it violated the excessive bail proscription of the New Hampshire constitution and the eighth amendment to the United States Constitution. The court stated:
The purpose of the imposition of bail is to assure the defendant’s appearance in court, and therefore the amount of bail may be set no higher than that figure reasonably required to accomplish this result. ...
Once bail is set at an amount determined to be reasonable the addition of the assessment contemplated [by the proposed law] would render the total amount excessive ....
Id. at 385, 373 A.2d at 642.
We conclude that the purpose of section 960.25’s bail bond surcharge is not related to securing an accused’s attendance at trial and does not in any manner benefit the bail bonding system. This lack of any rational connection renders the instant surcharge unconstitutional.
That portion of section 960.25, Florida Statutes (1977), which imposes a five percent bail bond surcharge is hereby declared unconstitutional as violative of article I, section 14, Florida Constitution, and of United States Constitution, amendment VIII. This decision will apply prospectively-
It is so ordered.
SUNDBERG, C. J„ and ADKINS, BOYD, ENGLAND and McDONALD, JJ., concur.
ALDERMAN, J., dissents.