The Honorable E. D. `Bud' Dixon Clerk of the Circuit Court Polk County
QUESTION:
If a defendant pleads guilty, nolo contendere to, or is convicted of any traffic offense which under Florida law is a criminal misdemeanor, but is being prosecuted as a violation of a municipal ordinance adopting by reference the State's Traffic Control Law, are the additional costs and surcharges on criminal fines specified in ss. 960.20 and 960.25, F.S., applicable?
SUMMARY:
The additional costs and surcharges on criminal fines specified in ss. 960.20 and 960.25, F.S. (1980 Supp.), are not applicable to a defendant who pleads guilty, nolo contendere to, or is convicted of any traffic offense which under Florida law is a criminal misdemeanor, but is being prosecuted as a violation of a municipal ordinance adopting by reference the provisions of the Florida Uniform Traffic Control Law, ch. 316, F.S., since violations of such municipal ordinances are neither felonies nor misdemeanors `punishable under the criminal laws of this state.'
Your inquiry states that all municipalities in Polk County have passed an ordinance adopting by reference Florida traffic laws as part of their municipal ordinances. Your letter asks whether the `monetary penalties' (additional costs and surcharges on criminal fines) specified in ss. 960.20 and 960.25 apply to violations of such ordinances.
Chapter 960, F.S., was enacted by the Legislature, and the Crimes Compensation Trust Fund established, in recognition of a need for governmental financial assistance to innocent persons who suffer personal injury or death as a direct result of criminal acts.
Section 906.20, F.S. (1980 Supp.), provides in pertinent part:
 Additional costs. — When any person, after January 1, 1978, pleads guilty or nolo contendere to, or is convicted of, any felony or misdemeanor under the laws of this state, there shall be imposed as an additional cost in the case, in addition and prior to any other cost required to be imposed by law, the sum of $10. The clerk of the court shall collect and forward $9 of each $10 collected to the Treasurer, to be deposited in the Crimes Compensation Trust Fund. The clerk shall retain the remaining $1 of each $10 collected as a service charge of the clerk's office. Under no condition shall a political subdivision be held liable for the payment of this sum of $10. (Emphasis supplied.)
And, s. 960.25, F.S. (1980 Supp.), provides:
 Surcharge on fines and bail bonds. — In addition to any fine
for any criminal offense prescribed by law, there is hereby established and created an additional 5-percent surcharge thereon which shall be imposed, levied, and collected together with such fine. The principal amount of any bail bond given as prescribed by law shall be increased by an additional 5-percent surcharge which is established hereby. (Emphasis supplied.)
I note in passing that the portion of s. 960.25 imposing a 5-percent bail bond surcharge has been held unconstitutional. LaRue v. State, 397 So.2d 1136 (Fla. 1981). I also note that s. 960.25 was amended by ch. 80-146, Laws of Florida, and all references to `civil penalties' were deleted, following the decision of State v. Champe, 373 So.2d 874 (Fla. 1979) (which held that the direct surcharge on civil penalties levied by that statute solely to compensate crime victims violated the equal protection clause). Thus, by their express terms, neither s. 960.20 nor s. 960.25 authorizes the levying or imposition of an additional cost or surcharge on any civil fine or penalty.
Section 960.03(3), F.S. (1980 Supp.), defines `crime' in the context and for the purposes of ch. 960 as:
 . . . the commission by any person of a felony or misdemeanor under the laws of this state, which is punishable under the criminal laws of this state and which results in physical injury to or death of a resident of this state. However, no act involving the operation of a motor vehicle, boat, or aircraft which results in injury or death shall constitute a crime for the purpose of this chapter unless the injury or death was intentionally inflicted through use of such vehicle, boat, or aircraft, or unless such vehicle, boat, or aircraft is an implement of a crime to which this act applies. (Emphasis supplied).
Thus, the surcharges authorized by ss. 960.20 and 960.25 may only be levied in connection with a criminal offense, i.e., a felony ormisdemeanor punishable under the criminal laws and which results in physical injury to or death of a Florida resident.
The words `felony or misdemeanor under the laws of this state, which is punishable under the criminal laws of this state' refer to ch. 775, the `Florida Criminal Code' and to Title XLV, `Crimes,' F.S. Section 775.08(4) provides that the term `crime' shall mean a felony or misdemeanor. And s. 775.08(1) provides in pertinent part:
 (1) The term `felony' shall mean any criminal offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by death or imprisonment in a state penitentiary. `State penitentiary' shall include state correctional facilities. A person shall be imprisoned in the state penitentiary for each sentence which, except an extended term, exceeds 1 year. (Emphasis supplied.)
Section 775.08(2) defines `misdemeanor' as:
 (2) The term `misdemeanor' shall mean any criminal offense
that is punishable under the laws of this state, or that would be punishable if committed in this state, by a term of imprisonment in a county correctional facility, except an extended term, not in excess of 1 year. The term `misdemeanor' shall not mean a conviction for any violation of any provision of chapter 316 or any municipal or county ordinance. (Emphasis supplied.)
And s. 775.08(3) expressly provides that `[n]othing contained in this code shall repeal or change the penalty for a violation of any municipal or county ordinance.' See AGO 078-138 (stating that a violation of a city ordinance adopting the state's criminal laws is an offense against the municipality and not a violation of the state's criminal laws); and AGO 078-111 which reached the same conclusion. See also Jaramillo v. City of Homestead, 322 So.2d 496
(Fla. 1975) (holding that a municipality may enact an ordinance which creates an offense against municipal law for the same act that constitutes an offense against state law); cf. AGO 076-192 (concluding that in light of s. 775.08(2) and (3) the statute of limitations provided in s. 775.15(2)(d) was not applicable to violations of a city ordinance).
Thus, violations of municipal ordinances should not be considered violations of the `criminal laws of this state.' Accordingly, I must conclude that the additional costs and surcharges on criminal fines specified in ss. 960.20 and 960.25, F.S. (1980 Supp.), do not apply to violations of the above-described ordinances of municipalities located in Polk County.
Prepared by: Anne Curtis Terry, Assistant Attorney General