Merrimack
No. 2000-573

DARREN STARR

v.

GOVERNOR & a.

Argued: May 16, 2002
Opinion Issued: July 19, 2002

*Wadleigh, Starr & Peters, P.L.L.C.*, of Manchester (*Eugene Van Loan III* and *Todd J. Hathaway* on the brief and orally), on behalf of the New Hampshire Civil Liberties Union, for the plaintiff.

*Philip T. McLaughlin*, attorney general (*Michael K. Brown*, assistant attorney general, on the brief and orally), for the State.

NADEAU, J. The plaintiff, Darren Starr, appeals from an order of the Superior Court (*Manias*, J.) granting the State's motion to dismiss. The superior court dismissed the plaintiff's challenge to a 5% surcharge assessed on purchases made in State prison commissaries. We reverse and remand.

The plaintiff is incarcerated in the New Hampshire State Prison system. The prison operates a commissary where the inmates are able to purchase food, paper goods, clothing, electronics and various other items. A 1% surcharge is assessed on all goods sold for the maintenance and operation of the commissary. Effective July 1, 1999, the legislature enacted RSA 622:7-b, which provides:

> Every commissary in a state prison operated for the sale of commodities shall collect a surcharge of 5 percent of the sales price of every item sold. All funds collected pursuant to this section shall be deposited in and continually appropriated to the victims' assistance fund.

RSA 622:7-b (2001). If the contributions made to the victims' assistance fund exceed $750,000, the excess is deposited into the general fund. *See* RSA 6:12, I(aa) (Supp. 2001).

On appeal the plaintiff argues the surcharge: (1) is applied *ex post facto* and retrospectively; (2) violates his State and federal due process rights; (3) violates his State and federal equal protection rights; and (4) violates New Hampshire's prohibition against disproportionate taxation. Because we decide this appeal on the issue of disproportionate taxation, we need not address the plaintiff's remaining arguments.

The standard of review on a motion to dismiss is whether the allegations in the plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery. *See Provencal v. Vermont Mut. Ins. Co.*, 132 N.H. 742, 744-45 (1990). In ruling upon a motion to dismiss, the plaintiff's factual allegations are assumed to be true and all reasonable inferences drawn therefrom are construed most favorably to the plaintiff. *See id.* at 745. If the facts as alleged would constitute a basis for legal relief, the motion to dismiss should be denied. *See id.*

The plaintiff argues that the 5% surcharge is a tax. He contends that because the purpose of the surcharge is not penal, it must be intended to raise revenue. Further, the plaintiff argues that the surcharge is the equivalent of a sales tax because it is imposed at a fixed rate on the sale of goods.

To properly characterize the statute, we must determine its basic purpose by looking at its essential characteristics. *See Opinion of the Justices*, 98 N.H. 527, 528 (1953). A tax is an "enforced contribution to raise revenue and not to reimburse the state for special services rendered to a given party." *Opinion of the Justices*, 117 N.H. 749, 756 (1977). Collection of the 5% surcharge neither funds the maintenance, overhead or operation of the commissary, nor reimburses the prison for providing a commissary. The stated purpose of the 5% surcharge is to raise revenue to finance the victims' assistance fund. As laudable as victim compensation may be, it is not appropriate for us to give that purpose any weight in deciding whether the surcharge is a tax. In light of the statutory language of RSA 622:7-b, therefore, we hold that the surcharge is a tax.

The plaintiff next argues that the 5% surcharge is applied disproportionately in violation of the New Hampshire Constitution. Disproportionate taxation is proven through specific facts that demonstrate a widespread scheme of intentional discrimination. *See Sirrell v. State*, 146 N.H. 346, 373 (2001). To determine whether a taxing system meets the State's constitutional requirements we examine three provisions of the State Constitution. *See Smith v. N.H. Dep't of Revenue Admin.*, 141

N.H. 681, 685 (1997). First, Part I, Article 12 of the New Hampshire Constitution states that "[e]very member of the community has a right to be protected by it, in the enjoyment of his life, liberty, and property; he is therefore bound to contribute his share in the expense of such protection." We have interpreted Part I, Article 12 to require that taxes be proportional and similarly situated taxpayers be treated similarly. *See Smith*, 141 N.H. at 686.

Second, Part II, Article 5 of our constitution provides that the legislature has the power "to impose and levy proportional and reasonable assessments, rates, and taxes, upon all the inhabitants of, and residents within, the said state." This article requires that all taxation be "proportionate and reasonable . . . equal in valuation and uniform in rate, and just." *Opinion of the Justices*, 131 N.H. 640, 642 (1989) (quotation omitted). Taxes must be in "due proportion, so that each individual's share, and no more, shall fall upon him." *Rollins v. Dover*, 93 N.H. 448, 449 (1945) (quotation omitted).

Finally, Part II, Article 6 authorizes the legislature to tax "polls, estates, and other classes of property." Pursuant to this article, the legislature has the broad authority to classify types of property for taxation so long as the classification is sufficiently inclusive to constitute a distinctive class. *See Opinion of the Justices*, 118 N.H. 343, 345 (1978). This power is not unlimited, however, and the court will invalidate a classification if it is unreasonable or if its purpose is to discriminate. *See Opinion of the Justices*, 97 N.H. 533, 536 (1951).

■ Assuming the allegations in the plaintiff's pleadings are true, we conclude that the 5% surcharge tax is disproportionately applied and is, therefore, unconstitutional. The only retail transactions subject to the 5% surcharge tax are those that take place at the prison commissary. There is nothing unique about the goods sold at the prison commissary. The only distinction between these transactions and other retail transactions is the fact that the sale takes place at the State prison. No legitimate reason has been presented to create this distinction and therefore such a classification is impermissible.

The State argues that the surcharge is a special cost assessment and is therefore not subject to the constitutional limitations imposed on a tax. We do not agree. Special cost assessments are "charges made upon those who avail themselves of the advantages offered thereby." *Niemiec v. King*, 109 N.H. 586, 587 (1969). The charges must be related to the services provided. *See id.* In *Niemiec*, we held that the legislative requirement that 5% of all monthly collections made by the board of probation be deposited into the general fund did not constitute a tax. *See id.* at 587-88. Our decision in

*Niemiec* was based upon the fact that the 5% collection was a reimbursement measure for the services performed by the board of probation and the parties responsible for paying the 5% benefited directly from those services. *See id.* at 587. In contrast, State prisoners neither make use of, nor benefit from the victims' assistance fund. Therefore, the 5% surcharge cannot be characterized as a special cost assessment.

We recognize the significant public policy considerations underlying programs such as the victims' assistance fund and our holding is not intended to dispute the continuing need to fund such programs. However, for the foregoing reasons, we reverse and remand.

*Reversed and remanded.*

DALIANIS and DUGGAN, JJ., concurred.