Merrimack
No. 2004-292

DARREN STARR

v.

GOVERNOR, STATE OF NEW HAMPSHIRE & a.

Submitted: September 21, 2004
Opinion Issued: December 29, 2004

*Darren Starr*, by brief, *pro se.*

*Kelly A. Ayotte*, attorney general (*Michael K. Brown*, senior assistant attorney general, on the brief), for the State.

NADEAU, J. The plaintiff, Darren Starr, appeals from an order of the Trial Court (*Fitzgerald*, J.) denying his request for interest on a judgment he obtained against the State of New Hampshire (State). He also contends that the order failed to address the legality of the surcharge currently imposed on goods sold at the State prison canteen. We reverse and remand.

This case returns to us following remand. *See Starr v. Governor*, 148 N.H. 72 (2002) (*Starr I*). The plaintiff is incarcerated in the New Hampshire State Prison system. He filed a lawsuit to contest the legality of a 5% surcharge assessed on all goods sold at the canteen pursuant to RSA 622:7-b (2001). At the time of the lawsuit, the proceeds of the surcharge were deposited in the victims' assistance fund until the fund exceeded $750,000; thereafter the excess was deposited in the general fund. *See* RSA 6:12, I (aa) (Supp. 2001). In *Starr I*, we held that because the 5% surcharge "neither funds the maintenance, overhead or operation of the commissary, nor reimburses the prison for providing a commissary," *id.* at 73, the surcharge was a tax. We further concluded that because the only transactions subject to the tax were those that took place at the prison canteen, the tax was disproportionately applied and therefore unconstitutional. *Id.* at 74. We therefore reversed the decision of the trial court and remanded the case.

Upon remand, the trial court ordered the State to reimburse those individuals held at the prison who were required to pay the 5% surcharge. The State appealed and we summarily affirmed the trial court's order. *Starr & a. v. Governor & a.*, No. 2003-0465 (N.H. 2003). The State then filed a "Schedule of Compliance" with the trial court. The plaintiff filed a response in which he noted that the State had failed to provide for the payment of mandatory costs and interest on the judgment pursuant to RSA 524:1-b. Construing these statements as requests for relief, the trial court denied them.

On appeal, the plaintiff contends that he was a prevailing party and therefore entitled to judgment interest pursuant to RSA 524:1-b (Supp. 2004). He also argues that the trial court failed to consider his second

argument that the prison canteen's subsequent collection of a 6% surcharge without amendment of its procedures was illegal.

We turn first to the plaintiff's request for interest. RSA 524:1-b provides that in all equity proceedings in which pecuniary damages are awarded, "there shall be added forthwith by the clerk of court to the amount of damages interest thereon from the date of the writ or the filing of the petition to the date of judgment even though such interest brings the amount of the judgment beyond the maximum liability imposed by law." RSA 524:1-b.

Because the interpretation of a statute is a question of law, we review the ruling of the trial court *de novo*. *Hutchins v. Peabody*, 151 N.H. 82, 84 (2004). When interpreting a statute, we consider the language of the statute itself, and if possible, construe the language according to its plain and ordinary meaning. *Id.* "We will neither consider what the legislature might have said nor add words that it did not see fit to include." *Id.*

The State first argues that given the unique circumstances of this case, the trial court properly exercised its equitable authority to deny the award of interest. Having reviewed the language of the statute and our previous decisions, however, we do not agree that the award of interest is discretionary. RSA 524:1-b provides that the clerk of court "shall" add interest to the amount of damages from the date of the filing of the petition to the date of judgment. As we have previously held, the use of the word "shall" is not discretionary, but rather requires mandatory enforcement. *N.H. Dep't of Resources and Economic Dev. v. Dow*, 148 N.H. 60, 63 (2002).

"As a general principle of statutory construction, we presume that the legislature knew the meaning of the words it chose, and that it used those words advisedly." *Id.* at 63-64. In this case, this principle is bolstered by our previous interpretation of RSA 524:1-b, in which we examined its legislative history and found that the legislature had expressed its intent that interest was to be awarded "in all cases where the trial court awarded money to the party entitled to be compensated." *Nault v. N & L Dev. Co.*, 146 N.H. 35, 38 (2001). While the legislature accepted the invitation we extended in *Nault* to review and clarify the period within which judgment interest should be awarded, it did not amend the mandatory language of the statute.

The State argues that we have previously found that the word "shall" need not be construed as mandatory when the statute does not provide a sanction for noncompliance. The cases cited by the State address failure to comply with time standards and rule promulgation and whether such

failure should invalidate the underlying action. They are inapposite to the present case where the scope of remedy is clearly defined. Because we conclude that the language of the statute is mandatory, we need not address the State's argument that an award of interest would constitute unjust enrichment.

■ Nor are we persuaded by the State's argument that the plaintiff's request was untimely. RSA 524:1-b provides that the interest "shall be added forthwith by the clerk of court to the amount of damages ... from the date of ... the filing of the petition to the date of judgment." Until judgment was entered, the interest could not be added.

■ The State also argues that because RSA 524:1-b applies only to "parties," any award of interest should be limited to the plaintiff. In support of its argument, the State notes that only the plaintiff and fourteen other individuals were parties to the lawsuit and only the plaintiff appealed the trial court's denial of the request for interest. We note, however, that the trial court found that earlier in the proceedings, the State had objected to the plaintiffs' request for certification of a class action, representing that if the plaintiffs prevailed, "all prisoners who were subjected to the 5% surcharge would be reimbursed." Accordingly, all prisoners who receive pecuniary damages as a result of this equity action are entitled to judgment interest.

Finally, the plaintiff argues that the trial court failed to address the legality of a prison canteen surcharge imposed subsequent to our decision in *Starr I*. Because we find no evidence in the record that the plaintiff has ever alerted the trial court to this alleged error, we conclude that the issue has not been preserved for our review. *See N.H. Dep't of Corrections v. Butland*, 147 N.H. 676, 679 (2002) (appellant's claim that trial court erred by applying wrong standard of review in its order not preserved because appellant failed to raise issue in motion for reconsideration).

*Reversed and remanded.*

DALIANIS, DUGGAN and GALWAY, JJ., concurred.