Merrimack
No. 2007-668

PHILIP S. HORNER

v.

GOVERNOR, STATE OF NEW HAMPSHIRE & a.

Argued: March 27, 2008
Opinion Issued: June 19, 2008

Philip S. Horner, *pro se*, and *Richard E. Samdperil*, of Exeter (Mr. Horner on the brief, and *Mr. Samdperil* orally), for the plaintiff.

*Kelly A. Ayotte*, attorney general (*Karen A. Schlitzer*, assistant attorney general, on the memorandum of law and orally), for the defendants.

BRODERICK, C.J. The plaintiff, Philip S. Horner, appeals an order of the Superior Court (*Smukler*, J.) denying his petition for a writ of prohibition to enjoin the State from enforcing RSA 651-B:11 (2007 & Supp. 2007), which mandates the collection of a sex offender registration fee. We affirm.

The plaintiff was convicted in 2000 of five counts of felonious sexual assault, *see* RSA 632-A:3 (2007). Every sex offender and offender against children is required to register with the New Hampshire Division of State Police (division) which maintains the sex offender registry. RSA 651-B:2, I (2007), :11, I (Supp. 2007). Upon release from prison, sex offenders must inform the division where they intend to reside and the division enters this information into the law enforcement name search system. RSA 651-B:3, I (Supp. 2007). When the division is notified by law enforcement that a sex offender has moved to New Hampshire, the division must locate the offender, serve notice of duty to register and enter the offender's information in the system. RSA 651-B:3, II (Supp. 2007). On a semi-annual basis, the division is required to verify the offender's address by sending a letter by certified mail to the offender. RSA 651-B:3, III (2007). Offenders must

register in person on a semi-annual basis, be photographed and provide specific information about their appearance, employment and vehicles. *Id.*; RSA 651-B:4, I(a)(2)-(3) (2007).

Pursuant to the statute, sex offenders must pay "a fee of $17 semi-annually." RSA 651-B:11, I. The plaintiff brought a petition for a writ of prohibition contending that the statute violates the prohibition against disproportionate taxation in Part I, Article 12 and Part II, Article 5 of the State Constitution. Following a hearing, the trial court denied the petition, ruling that the plaintiff failed to establish that RSA 651-B:11 imposes a tax.

On appeal, the plaintiff argues that the sex offender registration fee "is in reality a disproportionate tax, being an enforced contribution to fund a public safety measure (the registry) which benefits all citizens, not just registrants." The State argues that the charge is a fee because the statute serves a regulatory purpose and the fee helps to defray the cost of maintaining the registry.

"The interpretation of a statute is a question of law, which we review *de novo.*" *Nicolaou v. Vt. Mut. Ins. Co.*, 155 N.H. 724, 727 (2007). "In reviewing a legislative act, we presume it to be constitutional and will not declare it invalid except upon inescapable grounds." *Baines v. N.H. Senate President*, 152 N.H. 124, 133 (2005) (quotation omitted).

RSA 651-B:11, I, provides:

> A sexual offender or offender against children shall pay a fee of $17 semi-annually. Of this amount, the department shall receive $15 to be used to defray the costs of maintaining the sex offender registry. Such funds shall be nonlapsing and shall be continually appropriated to the department for such use. The municipality in which the sexual offender or offender against children registers shall keep the remaining $2 to defray any costs associated with implementing the provisions of this paragraph.

██ The distinction between a tax and a fee "is often difficult to determine because each partakes to some extent of the characteristics of the other." *Opinion of the Justices*, 98 N.H. 527, 528 (1953). However, our case law has identified factors which aid in distinguishing a tax from a fee. First, "[a] tax is an enforced contribution to raise revenue and not to reimburse the state for special services." *American Automobile Assoc. v. State*, 136 N.H. 579, 584 (1992) (quotation omitted). Second, to be valid, a fee "must be incidental to the implementation of a regulatory program and cannot primarily be intended to produce additional revenues." *Id.* at 585. Third, "[t]o determine the proper characterization of a statute, it is necessary to discover its basic

purpose." *Id.* (quotation omitted). "In so doing, we must consider the statute's declared purpose as well as its essential characteristics." *Id.* (quotation omitted).

■ ■ We have previously determined that the sex offender registry serves a regulatory purpose, "providing a means for law enforcement agencies in this State to share information regarding the whereabouts of convicted sexual offenders." *State v. Costello*, 138 N.H. 587, 590 (1994). "It has long been recognized that governmental undertakings can properly be supported in whole or in part by charges made upon those who necessitate the services or who avail themselves of the advantages offered thereby." *Opinion of the Justices*, 117 N.H. 382, 384 (1977) (penalty assessment of $2 or 10% on each fine, penalty or forfeiture imposed by the court for a criminal offense is not a tax where penalty assessment would be used to provide funding for police training programs). "Charges of this nature are not taxes, and constitutional limitations upon the taxing power have no application thereto." *Id.*

The plaintiff argues at length that "governmental fees must be voluntarily assumed and must confer a particular benefit upon the party paying the fee, rather than upon society as a whole." The plaintiff offers no New Hampshire law in support of this position. We decline to rely upon the federal and other state cases set forth in his brief to determine whether, under our State Constitution, the regulatory charge is a tax or a fee.

The plaintiff does not challenge whether the $17 fee approximates the cost incurred in maintaining the sex offender registry. *See D'Antoni v. Comm'r, N.H. Dep't of Health & Human Servs.*, 153 N.H. 655, 658 (2006) (amount of a fee will be sustained if not grossly disproportionate to the regulatory expenses). The division retains $15 of the $17 semi-annual charge "to defray the costs of maintaining the sex offender registry," while the respective municipality receives $2 "to defray any costs associated with implementing the provisions of [the statute]." RSA 651-B:11, I. There is no suggestion that such charges fail to "bear a relation to the expense of rendering the particular service." *Opinion of the Justices*, 117 N.H. at 384.

■ We hold that the $17 semi-annual charge imposed upon sex offenders is not intended to raise additional revenue but, rather, is used solely to support a governmental regulatory activity made necessary by the actions of those who are required to pay the charge. As the trial court found, the sex offender registration fees "are applied directly to regulatory services that would not be necessary if there were no sex offenders." There is no evidence that the fee does not "bear a relationship to and approximate the expense" of maintaining the sex offender registry, *see D'Antoni*, 153 N.H. at 658, nor is there evidence that the fee is not incidental to regulation but

is rather "primarily for the purpose of producing revenue." *Appeal of Ass'n of N.H. Utilities*, 122 N.H. 770, 773 (1982) (quotation omitted). Accordingly, the $17 semi-annual charge is properly characterized as a fee and not a tax.

In addition, the plaintiff argues that "the addition of a monetary exaction to criminal registration requirements violates New Hampshire's constitutional prohibition against retrospective laws." The State Constitution provides that, "Retrospective laws are highly injurious, oppressive, and unjust. No such laws, therefore, should be made . . . for . . . the punishment of offenses." N.H. CONST. pt. I, art. 23. As discussed above, the sex offender registration law serves a regulatory purpose. Thus, the $17 semi-annual charge under RSA 651-B:11 is not imposed as punishment, but to defray the costs of maintaining the sex offender registry. Accordingly, there is no *ex post facto* violation. *See State v. Comeau*, 142 N.H. 84, 88 (1997) (appropriate focus in *ex post facto* analysis is whether law increases the punishment for or alters the elements of an offense, or changes the ultimate facts required to prove guilt). Furthermore, the fee is imposed at the time of registration with the division, which occurs upon the sex offender's release from prison. *See* RSA 651-B:2, I, :3, I, :11, I. Therefore the requirements of registration and payment of the fee occur prospectively, not retrospectively. *See In re Estate of Sharek*, 156 N.H. 28, 30 (2007).

*Affirmed.*

DALIANIS, DUGGAN, GALWAY and HICKS, JJ., concurred.