Merrimack
No. 2009-824

JOHN DOE

v.

NEW HAMPSHIRE DEPARTMENT OF SAFETY

Argued: April 22, 2010
Opinion Issued: June 30, 2010

*Marcia A. B. Thunberg*, of Concord, by brief and orally, for the petitioner.

*Michael A. Delaney*, attorney general (*David M. Hilts*, assistant attorney general, on the brief and orally), for the respondent.

DALIANIS, J. The respondent, New Hampshire Department of Safety (DOS), appeals an order of the Superior Court (*Smukler*, J.) granting petitioner John Doe's motion for summary judgment upon his petition for a declaratory judgment and denying DOS's cross motion for summary judgment. The trial court held that Doe is not required to register for life as a sex offender. We reverse.

The record supports the following relevant facts. Doe, a New Hampshire resident, pleaded guilty to gross sexual assault in Maine in August 1991. *See* Me. Rev. Stat. Ann. tit. 17-A, § 253(2)(D). In July 1993, he received notice that, because of his Maine conviction, he was required to register as a sex offender in New Hampshire for ten years. *See* RSA 632-A:11-:19 (Supp. 1993) (repealed 1996). He registered each subsequent year as required.

In 1996, the legislature amended the applicable statutory scheme. *See* Laws 1996, ch. 293. Under the new scheme, the period of time that a New Hampshire resident convicted in another jurisdiction of a sexual offense is required to register depends upon DOS's determination as to which New Hampshire statute is "reasonably equivalent" to the other jurisdiction's statute. *See* RSA ch. 651-B (Supp. 2009). For example, if DOS determined that the out-of-state statute under which the offender was convicted was

reasonably equivalent to aggravated felonious sexual assault, *see* RSA 632-A:2 (Supp. 2009), the offender would be required to register for life. *See* RSA 651-B:1, X(a) (Supp. 2009); RSA 651-B:6, I. If, however, it determined that the out-of-state statute was reasonably equivalent to misdemeanor sexual assault, *see* RSA 632-A:4 (Supp. 2009), the offender would be required to register for ten years. *See* RSA 651-B:1, VIII(a) (Supp. 2009); RSA 651-B:6, II.

In 2003, Doe received notice from his local police department stating, "after reviewing your out of state conviction it has been determined that you must register annually for life," and that aggravated felonious sexual assault was his reasonably equivalent New Hampshire offense. He continued to receive registration forms indicating, however, that he was required to register for ten years, so he sought clarification. In July 2007, Doe received confirmation from DOS that he was required to register for life. DOS indicated that it had reviewed the underlying facts of his conviction in making its determination.

Doe sought review by DOS, which held a hearing and confirmed that he was required to register for life. Specifically, the report of the hearings examiner stated that "[t]his determination was made based on the elements of the[] offenses, and the fact [that Doe] admitted to penetrating his victim when interviewed by the police" when he pleaded guilty in Maine in 1991. Doe then filed a petition for declaratory judgment in the trial court, which reversed DOS's ruling and concluded that he was required to register for only ten years. The trial court ruled that DOS erred when it "used a transcript of a police interview . . . in which [Doe] admitted that he had digitally penetrated the victim" in determining that aggravated felonious sexual assault was the reasonably equivalent offense. This appeal followed.

In reviewing a trial court's summary judgment ruling, we consider the affidavits and other evidence and all inferences properly drawn therefrom in the light most favorable to the nonmoving party. *Werne v. Executive Women's Golf Assoc.*, 158 N.H. 373, 375 (2009). If our review of the evidence fails to reveal any genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, we will affirm the trial court's decision. *Id.* We review the trial court's application of law to the facts *de novo. Id.*

■ DOS first argues that the trial court's finding that it relied upon the police interview transcript in making its equivalency determination is unsupported by the record. We disagree. While Doe's first notice in 2003 from his local police department did not specify how the determination was made, the later notice from DOS specified that DOS "reviewed the police reports . . . including a transcript of [Doe's] audiotaped interview" in which

he "admitted to digitally penetrating the victim's vagina." DOS concedes in its brief that it "relied on the interview transcript" in making its determination. The report of the hearings examiner stated that DOS's determination "was made based on the elements of the[] offenses, and the fact [that Doe] admitted to penetrating his victim when interviewed by the police." While the parties may dispute the details regarding the point at which DOS made the relevant determination and the information it had available at the time, we cannot say that the trial court erred in concluding that there were no genuine issues of material fact with respect to whether DOS relied upon Doe's admission in the interview.

Alternatively, DOS argues that even if it did rely upon the interview, any such reliance is permissible because other provisions within RSA chapter 651-B may require the department to look beyond the elements of an offense to determine which statutes are equivalent. We disagree. New Hampshire Administrative Rules, Saf-C 5502.01(c) provides that DOS "shall determine whether a law of another jurisdiction is reasonably equivalent" to a particular New Hampshire law "by making a comparison of the elements of the New Hampshire statute to the elements of the other jurisdiction's statute." It further specifies that, in order to be deemed reasonably equivalent, "[t]he text of the elements of the law of the other jurisdiction shall be analogous but not necessarily exactly the same as the elements of the [New Hampshire] statute[]." N.H. ADMIN. RULES, Saf-C 5502.01(c).

We review the interpretation of administrative rules *de novo. Appeal of Murdock*, 156 N.H. 732, 735 (2008). "In construing rules, as in construing statutes, where possible, we ascribe the plain and ordinary meaning to the words used." *Id.* (quotation omitted). We look at the rule as a whole, and not in segments. *Id.* "While deference is accorded to an agency's interpretation of its regulations, that deference is not total. We still must examine the agency's interpretation to determine if it is consistent with the language of the regulation and with the purpose which the regulation is intended to serve." *Id.* (quotation omitted).

Under Saf-C 5502.01(c), DOS is limited to "making a comparison of the elements of the New Hampshire statute to the elements of the other jurisdiction's statute." "[W]e will not permit an agency to add or delete requirements . . . through the mere expedient of interpreting a rule that is clear and unambiguous on its face." *Milette v. N.H. Retirement System*, 141 N.H. 342, 346-47 (1996) (quotation and citation omitted). Here, the rule unambiguously provides that DOS must compare the elements of the two statutes. DOS cannot add requirements to its equivalency determination by considering evidence such as the recorded police interview.

■ Finally, DOS argues that, even without consideration of the interview, the Maine statute under which Doe was convicted is still reasonably equivalent to aggravated felonious sexual assault. When Doe was convicted, the Maine statute provided that "[a] person is guilty of gross sexual assault if that person engages in a sexual act with another person and . . . [t]he other person is unconscious or otherwise physically incapable of resisting and has not consented to the sexual act." Me. Rev. Stat. Ann. tit. 17-A, § 253(2)(D). Thus, the elements under the Maine statute required (1) a sexual act with another person, (2) while the person is physically incapable of resisting, and (3) lack of consent. Under New Hampshire law, a person is guilty of aggravated felonious sexual assault if he "engages in sexual penetration with another person" under a variety of circumstances, including when "the victim is physically helpless to resist." RSA 632-A:2, I(b).

■ Comparing the two statutes, aggravated felonious sexual assault requires the element of sexual penetration, in contrast to gross sexual assault, which does not. DOS contends, however, that the elements are still "analogous" and therefore "reasonably equivalent" because New Hampshire's definition of "sexual penetration" is substantially similar to Maine's definition of "sexual act." We agree.

"Sexual penetration" means, among other things, cunnilingus, fellatio or "[a]ny intrusion, however slight, of any part of the actor's body, including emissions, of any object manipulated by the actor into genital or anal openings of the victim's body." RSA 632-A:1, V (Supp. 2009).

"Sexual act" means

(1) Any act between 2 persons involving direct physical contact between the genitals of one and the mouth or anus of the other, or direct physical contact between the genitals of one and the genitals of the other; [or]

. . .

(3) Any act involving direct physical contact between the genitals or anus of one and an instrument or device manipulated by another person when that act is done for the purpose of arousing or gratifying sexual desire or for the purpose of causing bodily injury or offensive contact.

Me. Rev. Stat. Ann. tit. 17-A, § 251(C). The definition further provides that "[a] sexual act may be proved without allegation or proof of penetration," but nowhere does the statute define the term "penetration." *Id.* The comment states that "[t]he definition of 'sexual act' . . . [ha]s broader coverage than the [prior] law requiring some penetration, and serves to

permit a conviction upon contact in the case of sodomy, fellatio, and cunnilingus." Me. Rev. Stat. Ann. tit. 17-A, § 251(C) cmt.

■ As noted above, New Hampshire's statutory definition of sexual penetration includes fellatio and cunnilingus, supporting the inference that the definitions are analogous. In addition, it is well-settled that the element of sexual penetration can be met in New Hampshire without proof of actual penetration. *See, e.g., State v. Mason*, 150 N.H. 53, 57 (2003) ("The act of cunnilingus does not require actual penetration."); *State v. Melcher*, 140 N.H. 823, 824, 826 (1996) ("Whatever its commonly accepted meaning, . . . fellatio is 'sexual penetration' for purposes of the statute, whether or not it involves actual penetration . . . ."). Thus, although the elements are not exactly the same, they are analogous, and, accordingly, the trial court erred in concluding that the statutes were not reasonably equivalent.

Doe argues that our analysis in *State v. Hull*, 149 N.H. 706, 708-10 (2003), requires a different result in this case. In *Hull*, the defendant was convicted of driving under the influence of liquor (DUI), third offense. *Hull*, 149 N.H. at 707. One of his three offenses was a Massachusetts conviction for operating under the influence of intoxicating liquor (OUI). *Id.* He appealed the trial court's denial of his motion to exclude evidence of his Massachusetts conviction, arguing that it was not reasonably equivalent to the New Hampshire DUI offense. *Id.* at 708. In holding that OUI and DUI were, in fact, reasonably equivalent offenses, we noted that, for sentencing purposes, "[n]either the legislature nor this court has defined what constitutes a reasonably equivalent offense." *Id.* at 709 (quotation omitted). We found persuasive, however, that DOS had defined the term under its administrative rules in the context of sex offender registration. *Id.* at 709-10. We further concluded that Saf-C 5502.01(c) was consistent with tests applied in other jurisdictions to determine whether offenses are reasonably equivalent for the purposes of sentencing. *Id.* at 709. In elaborating upon the tests applied in other jurisdictions, we stated:

> [O]ne common factor is whether the evidence required to sustain a conviction for the out-of-state jurisdiction's offense would necessarily sustain a conviction under the home state's statute. If the answer to this question is "yes," the offense is an "equivalent offense" for sentencing enhancement purposes. If the answer to this question is "no," the offenses are not "equivalent."

*Id.* at 710 (citations omitted).

■ As the State aptly points out, however, *Hull* involved a question of statutory interpretation of RSA 265:82-b, II (2004) (repealed 2006), which imposed an enhanced sentence for subsequent DUI convictions, including

those that were "reasonably equivalent offenses in an out-of-state jurisdiction." *Id.* at 707, 708-09 (quotation and emphasis omitted). The issue before us in *Hull* required us neither to construe nor apply Saf-C 5502.01(c). Our holding in that case pertained to equivalency under RSA 265:82-b, II, a sentencing provision. Unlike sentencing, sex offender registration has the administrative purpose of providing a means for law enforcement agencies in this State to share information regarding the whereabouts and levels of dangerousness of convicted sex offenders. *Horner v. Governor*, 157 N.H. 400, 403 (2008). While considering whether the evidence required to sustain the out-of-state jurisdiction's conviction would necessarily sustain a conviction under RSA 632-A:2, I(b) may be relevant in the context of sentencing for subsequent offenses, it is not relevant to the purpose of sex offender registration. Accordingly, we decline to extend our reasoning in *Hull* to the context of sex offender registration.

*Reversed.*

BRODERICK, C.J., and DUGGAN, HICKS and CONBOY, JJ., concurred.