Rockingham
No. 78-185

### THE STATE OF NEW HAMPSHIRE

v.

### ANTHONY J. SCIONE, JR., & a.

December 29, 1978

*Thomas D. Rath*, attorney general (*Paul W. Hodes*, attorney, orally), for the State.

*Dennis J. Sullivan*, of Massachusetts, by brief and orally, for the defendants.

### MEMORANDUM OPINION

The defendants were charged with receiving stolen property under RSA 637:7, tried by jury, and convicted. Defendants excepted to the denial of their motion for a directed verdict and their exceptions were transferred by *Mullavey*, J.

The defendants were arrested after the suspicions of a State Trooper were aroused upon observing a car traveling on a highway with a motorcycle protruding from its trunk. After stopping the car, the trooper determined that the motorcycle had been stolen that night.

RSA 637:7 includes as a crime the *retention* of stolen property. The record reveals that the State met its burden of proving that the defendants participated in the possession of the stolen motorcycle. *See State v. Cote*, 113 N.H. 647, 312 A.2d 687 (1973). A witness testified that she saw a vehicle meeting the description of the car in question, with four occupants, stopped with its lights pointed into the garage from which the motorcycle was taken. She also saw a man in the garage on a motorcycle apparently trying to get it out of the garage and noticed another man, who came out the side door of the garage. This was shortly before the defendants were apprehended. The test for review is that the State must show that the evidence, construed in the light most favorable to the State with all reasonable inferences derived therefrom, was sufficient for the jury to find that the State had proved the essential elements of the crime charged beyond a reasonable doubt. *State v. Breest*, 116 N.H. 734, 741, 367 A.2d 1320, 1326 (1976). We so find.

*Exceptions overruled.*