Rockingham
-No. 81-424

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL MCNALLY

October 14, 1982

*Gregory H. Smith*, attorney general (*Marc R. Scheer*, assistant attorney general, on the brief and orally), for the State.

*DiMento & Sullivan*, of Boston, Massachusetts, and *Ross & Davis*, of Manchester (*Richard B. Michaud* on the brief, and *Thomas C. Cameron* and *Clifford J. Ross* orally), for the defendant.

DOUGLAS, J. The issue in this case is whether a defendant who has been convicted of larceny in Massachusetts may subsequently be prosecuted in New Hampshire under RSA 637:7 for retaining the same property which he stole in Massachusetts. We hold that New Hampshire is not barred from prosecuting the defendant.

On June 12, 1981, the Commonwealth of Massachusetts charged the defendant, Michael McNally, with larceny of air-carbide bits in violation of Massachusetts General Laws Annotated chapter 266, section 30 (West 1970). The defendant pleaded guilty to the charge on August 12, 1981, in district court at Hingham, Massachusetts. On July 20, 1981, prior to his guilty plea in the Massachusetts case, the defendant was indicted in New Hampshire for the theft crime of retaining stolen property. RSA 637:7 I. The stolen property consisted of the same air-carbide bits which the defendant was convicted of stealing in Massachusetts. He moved to dismiss the New Hampshire indictment on the grounds that it violated his rights to due process of law and to be protected from being twice placed in jeopardy for the same offense. *See* N.H. CONST. pt. I, art. 16; U.S. CONST. amend. V; *id.* amend. XIV, § 1. The Superior Court (*Bean*, J.) concluded that neither the double jeopardy nor due process provisions of the New Hampshire or United States Constitutions would be offended by the New Hampshire prosecution for retaining stolen property. This interlocutory appeal followed.

The double jeopardy protection afforded by the Federal and State Constitutions prohibits a citizen from being convicted twice for the same offense. *State v. Heinz*, 119 N.H. 717, 720, 407

A.2d 814, 816 (1979); *State v. Gosselin*, 119 N.H. 115, 118, 370 A.2d 264, 267 (1977). Jeopardy will not attach if the second offense is different in either law or fact. *State v. Heinz*, 119 N.H. at 720, 407 A.2d at 816. This is to be distinguished from the protection our State Constitution offers against the mere duplication of trials in two jurisdictions for the same offense. *State v. Hogg*, 118 N.H. 262, 266, 385 A.2d 844, 846 (1978); N.H. CONST. pt. I, art. 16. *But cf. Abbate v. United States*, 359 U.S. 187, 195–96 (1959) (prior conviction in State court does not bar federal prosecution for same offense). We believe the New Hampshire offense of retaining stolen property is distinguishable both in law and in fact from the Massachusetts larceny offense.

■ In *State v. Heinz*, we determined that "two statutes with overlapping subject matter do not necessarily reflect the same interests and define the same offense in law." 119 N.H. at 720, 407 A.2d at 816. Instead, our analysis must focus on the actual interests and policies of each jurisdiction. *Id.* at 721, 407 A.2d at 816.

■■ The defendant was charged with and convicted of larceny in Massachusetts; he has been indicted in this State under RSA 637:7 for retention of stolen property. Even though the statute is captioned "Receiving Stolen Property," we have construed this statute as punishing anyone who *retains* stolen property. *State v. Scione*, 118 N.H. 922, 923, 395 A.2d 1252, 1252 (1978). *Bean*, J., the trial judge in this case, cogently articulated the policy differences between the two statutes in his order denying the defendant's motion to dismiss the New Hampshire indictment:

> "Massachusetts' purpose in punishing larceny is to protect private property. . . . While New Hampshire may also be interested in protecting private property in this instance, the State has several other interests. Punishment for retention of stolen property deters a thief from enjoying the fruits of his illegal activity. Although this may constitute double punishment, it is constitutionally permissible."

We agree with the State that punishing the retention of stolen property serves the additional policy of preventing and deterring criminals from using this State as a safe haven to store or dispose of stolen property with impunity.

■ The defendant seeks to avoid prosecution in this State for retaining stolen property by a literal reading of RSA 637:1. That statute declares that "[c]onduct denominated theft in this chapter constitutes a single offense embracing the separate offenses such as

those heretofore known as larceny . . . [and] receiving stolen property." The statute continues, however: "An accusation of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the indictment or information." In addition to the plain language of the statute, the legislative history evinces a policy of facilitating prosecutions, rather than of making it more difficult to prosecute an individual for independent acts of theft. When the codification of New Hampshire's criminal laws was proposed, the report accompanying it stated that "[t]he important function of this section is to declare that variances between theft charged in one form and proved in another are no longer important." *Report of Commission to Recommend Codification of Criminal Laws* § 582.1 comment at 60 (1969).

The comments to section 223.1 of the Model Penal Code, from which RSA 637:1 derives, also support the prosecution-facilitating policy behind the consolidation statute:

> "The purpose of consolidation . . . is to avoid procedural problems . . . . The real problem arises from a defendant's claim that he did not misappropriate the property by the means alleged but in fact misappropriated the property by some other means and from the combination of such a claim with the procedural rule that a defendant who is charged with one offense cannot be convicted by proving another."

MODEL PENAL CODE § 223.1 comment 2(b), at 133 (1962). Specifically discussed in these comments is the effect of consolidating the offenses of larceny and receiving stolen property: "The intricacies of distinguishing between stealing and receiving stolen goods and of the proper procedure for presenting these alternative views of the defendant's involvement may also lead to needless reversals of convictions." *Id.* at 134 (citing *Milanovich v. United States*, 365 U.S. 551 (1961)). Clearly, the plain language and legislative history of RSA 637:1 rebut the defendant's assertion that the charge of retaining stolen property may not be prosecuted independently from the larceny charge.

The defendant seeks to rely on *State v. Larkin*, 49 N.H. 39 (1869), for the proposition that he may not be convicted of both larceny and receiving stolen property. This court quite logically stated in *Larkin* more than a century ago that "because the offences of stealing and receiving are totally distinct, . . . the same person cannot be found guilty of stealing and also receiving the same property" from himself. *Id.* at 43. Since then, our legislature has

codified the criminal law, and in redefining the crime of receiving stolen property in RSA 637:7 it has included the offense of theft by retention. If the defendant had been indicted in New Hampshire for "receiving" stolen property in the traditional sense of accepting it, we would hold under *Larkin* and *State v. Hogg* that the defendant's larceny conviction in Massachusetts bars his prosecution here.

Nothing in *Milanovich v. United States*, 365 U.S. 551 (1961), upon which the defendant also relies, prevents us from concluding that he may constitutionally be prosecuted in this State for retaining stolen property despite his Massachusetts larceny conviction. Even though the United States Supreme Court decided that the defendant there could not be convicted of both larceny and receiving stolen property, it did so as a matter of statutory construction and not based on the double jeopardy clause. The Court stated that "the question is one of statutory construction, not of common-law distinctions," *id.* at 554, further supporting our reading of RSA 637:7 as permitting the defendant to be prosecuted in this State for retaining stolen property. The New Hampshire offense of retaining stolen property is different in law than the Massachusetts crime of larceny.

The defendant's alleged criminal activity in New Hampshire is also different in fact than his criminal conduct in Massachusetts. The basis for determining whether a second prosecution is barred by the double jeopardy clause is the "same evidence" test. "If a difference in evidence is required to sustain the offenses charged, the fact that they relate to and grow out of one transaction does not make them a single offense when two or more are defined by statutes." *State v. Gosselin*, 117 N.H. at 118, 370 A.2d at 267. The defendant claims the mere fact that the alleged stolen property, the air-carbide bits, was involved in both the Massachusetts and New Hampshire offenses precludes his prosecution here for receiving stolen property. We rejected a similar assertion in *State v. Gosselin, id.*, 370 A.2d at 267.

Moreover, other elements besides the identity of the property must be proved to sustain the retention prosecution. Failure to prove that the defendant actually stole the air-carbide bits would have been fatal to the Massachusetts larceny charge but is irrelevant to the New Hampshire retention charge, which requires proof that the defendant retained stolen property with the requisite knowledge and intent. Likewise, proof of retention would have been immaterial to the Massachusetts offense. The Massachusetts and New Hampshire offenses each require proof of a fact the other does not. *See id.* at 117–18, 370 A.2d at 267.

Because the New Hampshire offense of retaining stolen property is different in law and fact than the Massachusetts larceny offense of which the defendant has been convicted, we hold he may constitutionally be prosecuted here for violating RSA 637:7.

*Affirmed and remanded.*

All concurred.