Merrimack
No. 81-405

AUGUSTUS F. HEALD

v.

EVERETT I. PERRIN, JR., WARDEN,
NEW HAMPSHIRE STATE PRISON

July 13, 1983

*James E. Duggan,* appellate defender, of Concord, by brief and orally, for the plaintiff.

*Gregory H. Smith,* attorney general (*Brian T. Tucker,* assistant attorney general, on the brief, and *Richard C. Nelson,* assistant attorney general, orally), for the State.

BROCK, J.   The plaintiff, Augustus F. Heald, appeals the denial of his petition for a writ of habeas corpus by the Superior Court (*Johnson,* J.)

The plaintiff was convicted of robbery while armed with a deadly weapon, RSA 636:1, III(a), and of the felonious use of a firearm, RSA 650-A:1 (Supp. 1981). He was sentenced to consecutive extended terms of imprisonment of ten to thirty years on each charge by the Superior Court (*Goode,* J.). Both convictions and the court's imposition of extended terms of imprisonment under RSA 651:6, II(a) (Supp. 1981) were affirmed by this court on direct appeal. *State v. Heald,* 120 N.H. 319, 414 A.2d 1288 (1980). Subsequently, on December 5, 1980, the sentence review board affirmed the ten-to-thirty-year sentence imposed by the trial court for the armed-robbery conviction, but *reduced* to ten years the ten-to-thirty-year consecutive sentence imposed by the trial court for the felonious use of a firearm.

The plaintiff thereafter filed a petition for a writ of habeas corpus in superior court, alleging that his punishment under both the enhanced sentencing provision of the robbery statute and the felonious-use-of-a-firearm statute was barred by the double jeopardy clauses of the State and Federal Constitutions. For the reasons which follow, we vacate the plaintiff's conviction and sentence for the felonious use of a firearm.

█   The plaintiff first argues that the legislature did not intend to subject criminal defendants to a mandatory consecutive sentence for the felonious use of a firearm in cases where the underlying felony is armed robbery. He maintains that the sentencing judge exceeded his statutory authority when he sentenced the plaintiff for the felonious use of a firearm. We disagree. The plain language of RSA 650-A:1 (Supp. 1981) and RSA 651:2, II-b (Supp. 1981), as well as the legislative history, evince a clear legislative intent to provide for a mandatory consecutive sentence for the use of a firearm in the commission of *all* felonies, including armed robbery. *See State v. Pratt,* 116 N.H. 385, 387, 359 A.2d 642, 644 (1976). As a matter of legislative intent alone, therefore, we reject this assertion by the plaintiff.

We next consider whether this legislative action violates the double jeopardy clause of the fifth amendment to the United States Constitution or of part one, article sixteen of the New Hampshire Constitution.

■■ The United States Supreme Court recently declared that where cumulative, separate sentences are imposed in a single trial, the double jeopardy clause of the fifth amendment to the United States Constitution "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 103 S. Ct. 673, 678 (1983); *see Albernaz v. United States*, 450 U.S. 333, 344 (1981); *Whalen v. United States*, 445 U.S. 684, 688–89 (1980). Given the fact that our legislature clearly intended to authorize the imposition of separate sentences in cases such as the one at hand, the plaintiff's federal constitutional claim must fail.

■■ In deciding the merits of the plaintiff's double jeopardy claim under the New Hampshire Constitution, however, our inquiry centers on whether the imposition of sentences for both armed robbery and the felonious use of a firearm constitutes the imposition of more than one sentence for the *same offense*. *State v. Gosselin*, 117 N.H. 115, 118, 370 A.2d 264, 267 (1977); *see North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). Our constitution

> "does not prevent the threat of twice being punished for the same act, but rather, forbids twice being tried and convicted for the same offense. . . . *This doctrine is effectuated by means of the 'same evidence' test of the identity of offenses.* If a difference in evidence is required to sustain the offenses charged, the fact that they relate to and grow out of one transaction does not make them a single offense when two or more are defined by statutes."

*State v. Gosselin*, 117 N.H. at 118, 370 A.2d at 267 (citations omitted) (emphasis added).

■ We have also formulated the double jeopardy doctrine as requiring a test focusing on whether the offenses charged are the same both "in law and in fact." *See State v. Heinz*, 119 N.H. 717, 720, 407 A.2d 814, 816 (1979). The question of whether the "same evidence" test differs, either in theory or in practice, from the "same in law and fact" test has not hitherto been addressed by this court. The State's argument is, however, predicated on the assumption that the two tests are different and may yield very different results.

The State focuses on the "law and fact" test, arguing that whether

two offenses are the same "in law" focuses only on whether the *statutory* definitions of the two offenses are *identical.* The State claims that the crimes involved in the present case are different because each offense contains an element which *might* be proven with evidence different from that which *might* be required for proof of an element of the other. Specifically, the offense of felonious use of a firearm, RSA 650-A:1 (Supp. 1981), requires the use of a *firearm* in the commission of *any* felony. The offense of armed robbery, RSA 636:1, III, requires the commission of a *specific* felony, robbery, while armed with *any* deadly weapon, not necessarily a gun.

A person could therefore be charged with the offense of felonious use of a firearm because a gun was used by that person in committing the felony, for example, of arson. A person could, on the other hand, be charged with armed robbery because a robbery was committed while the individual was armed with a knife. Armed robbery and the felonious use of a firearm therefore are not *identical* crimes, viewed in the abstract as definitions of offenses in our Criminal Code. This version of the "same in law" prong of the "law and fact" test thus focuses *not* on what the crimes *as charged* will require as proof at trial, but what the crimes *as chargeable* might entail.

Based on the State's argument, consideration of whether two offenses are the same "in law" becomes a theoretical maneuver, *cf. Illinois v. Vitale,* 447 U.S. 410, 416, 420–21 (1980), quite divorced from the question of whether, *as charged,* either crime contains an element which will require factual proof at a defendant's trial that the other does not. In summary, while the *same evidence* would be used to convict a defendant of both offenses, the State would have us decide that no double jeopardy problem exists.

We believe, to the contrary, that the "same evidence" and "same in law and fact" tests have been virtually identical as applied in this State. In *State v. Gosselin,* 117 N.H. at 117–18, 370 A.2d at 267, applying the "same evidence" test, we sustained a defendant's convictions for possession of a gun by a felon and for carrying a gun without a license, because each offense contained *different* elements requiring *different* evidence to sustain the convictions.

In *State v. Heinz,* under the "same in law and fact" test, we analyzed whether a defendant's prosecution in State court for theft, an offense containing different elements than the federal offense of embezzlement of which the defendant had previously been convicted, would nonetheless subject him to double jeopardy. Because *different evidence* would be required to sustain the second conviction, we held that the double jeopardy clause of our State Constitution did not bar his trial on the State charge. 119 N.H. at 722–23, 407 A.2d at 818.

Recently, in *State v. McNally*, 122 N.H. 892, 451 A.2d 1305 (1982), again applying the "law and fact" test, we concluded that a defendant could be prosecuted for retention of stolen property, notwithstanding his previous conviction of larceny, because the offenses contained different elements, *and* because evidence that would have been immaterial to the larceny charge would have to be used to prove the retention offense. 122 N.H. at 897–98, 451 A.2d at 1308.

We think it is clear from the foregoing cases that whether the "same evidence" or "same in law and fact" tests have been employed, inquiry in each case has centered on what evidence will be required at trial to prove the elements of the crimes. We therefore affirm as the benchmark of the double jeopardy test in this State an inquiry focusing on whether proof of the elements of the crimes *as charged* will in actuality require a difference in evidence.

Our statute governing the felonious use of a firearm, RSA 650-A:1 (Supp. 1981), provides: "A person is guilty of a class B felony if he commits or attempts to commit any felony when armed with a pistol, revolver, rifle, shotgun or any other firearm. For any subsequent offense, a person shall be guilty of a class A felony."

Whether this statutory provision could be the basis for a conviction in *addition to* a conviction for the underlying felony, depends on the elements of the felony charged and the evidence which will be required to sustain each offense.

In the present case, the plaintiff was charged with the class A felony of *armed* robbery because he used *a gun* in the commission of a robbery. If the plaintiff had not used a deadly weapon, in this case the gun, he could have been charged only with the class B felony of simple robbery. The plaintiff was also charged with the felonious use of a firearm, with the armed robbery as the underlying felony. In effect, therefore, the plaintiff's use of the gun was used once to increase the offense of robbery from a class B to a class A felony, and it was used again as the basis for the felonious-use indictment.

It is clear that in order to prove the plaintiff guilty of armed robbery, the State had to prove each and every fact that was also required to prove the felonious-use charge, *and not one single fact more.* Conversely, once the State had proven that the plaintiff committed the robbery while armed with a gun, *no additional* evidence was necessary in order to prove the elements of the felonious use of a firearm. *Cf. State v. Boudreau*, 113 R.I. 497, 502–03, 322 A.2d 626, 629 (1974); *State v. Hudson*, 562 S.W.2d 416, 418–19 (Tenn. 1978).

We find that as the offenses were charged and proven in this case, not a single difference in evidence was required. This, we

believe, cannot be supported under the double jeopardy clause of our State Constitution.

■ Many of the other felonies in our Criminal Code also contain their own "enhancement" provisions, *i.e.,* provisions which raise certain criminal acts from class B to class A felonies. Examples are RSA 635:1, II (burglary) and RSA 637:11, I(c) (theft). Where a criminal defendant's use of a gun is used to trigger such enhancement provisions, it will generally follow that the felonious use of a firearm cannot *also* be charged for commission of the same felony with the same gun because the elements of neither crime will require a single difference in evidence at trial.

On the other hand, the deadly-weapon element could be satisfied by some other act of the defendant in some cases. For example, if a knife were used initially in a robbery, the defendant's later use of a gun as well would constitute an added element not required for proof of the armed robbery, but essential for proof of the felonious-use-of-a-firearm charge. Such a factual situation would present no double jeopardy problem.

Equally, felonies which themselves are not enhanced because of the defendant's use of a gun are also not likely to run afoul of the double jeopardy prohibition. If a defendant were charged with setting fire to a structure known by him to be occupied, a class A felony, *see* RSA 634:1, II, and it were also proven that the defendant had armed himself with a gun, his conviction for the felonious use of a firearm in addition to the arson conviction would constitute no double jeopardy problem.

■ We emphasize at this juncture that nothing in this opinion should be understood to undermine the treatment accorded what are truly "lesser-included" offenses in our jurisprudence. A person convicted of armed robbery could not also be convicted of simple robbery for the same conduct because:

> "[A] person [who] has been tried and convicted for a crime which has various incidents included in it, . . . cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense."

*Harris v. Oklahoma,* 433 U.S. 682, 683 (1977) (quoting *In re Nielsen,* 131 U.S. 176, 188 (1889)).

■ By contrast, simple robbery is not a "lesser-included" offense of the felonious use of a firearm because the statutory definition of and penalties for the latter crime clearly reveal the legislative intent to create an offense separate and distinct from other crimes such as robbery, burglary, assault, or murder. *Cf. State v.*

*Leclair,* 118 N.H. 214, 221, 385 A.2d 831, 835 (1978) (defendant could not be sentenced for commission of crime while armed with a gun without being indicted for that offense).

As a final matter, however, it should be noted that nothing prevents our legislature from modifying all existing felonies in our Criminal Code to create a third, most serious felony "grade" governing the commission of any felony while armed with a *firearm.* So, for example, the crime of robbery might be defined as: (1) simple robbery, punishable as a class B felony with a possible sentence of up to seven years; (2) robbery while armed with a deadly weapon, not a gun, punishable as a class A felony with a possible sentence of up to fifteen years; and (3) robbery while armed with a firearm, punishable by a maximum term exceeding the fifteen-year limit. Nothing, in addition, would prevent the legislature from establishing a mandatory minimum term in the sentencing provisions governing such "firearm" felonies.

Such legislation would effectuate the long-standing legislative intent to punish specifically the use of a firearm in the commission of a crime, without violating the double jeopardy protection of our State Constitution, part one, article sixteen. In the instant case, however, the plaintiff's conviction and sentence for the felonious use of a firearm must be vacated.

*Reversed.*

BATCHELDER, J., did not sit; the others concurred.