Belknap
No. 95-478

## THE STATE OF NEW HAMPSHIRE

v.

## JOHN E. MACLEOD, SR.

November 18, 1996

*Jeffrey R. Howard*, attorney general (*Malinda R. Lawrence*, attorney, on the brief and orally), for the State.

*Gary Apfel*, assistant appellate defender, of Orford, by brief and orally, for the defendant.

HORTON, J. Following a jury-waived trial in which the State's allegations were uncontested, the Superior Court (*Barry*, J.) imposed consecutive sentences on the defendant, John E. MacLeod, Sr., based on convictions for: (1) operation of a motor vehicle after having been certified as an habitual offender, RSA 262:23 (1993); (2)

aggravated driving while intoxicated, RSA 265:82-a (1993 & Supp. 1995); and (3) second degree assault, RSA 631:2 (1996). On appeal, the defendant argues that the convictions and sentences for both aggravated driving while intoxicated and second degree assault violate the double jeopardy provisions of the State and Federal Constitutions. We affirm.

The charges arose from an automobile collision on September 2, 1994. While intoxicated, the defendant drove his car at a speed exceeding ninety miles per hour and struck another vehicle. As a result, the driver of the other vehicle suffered a contused lung, two shattered heels, multiple leg fractures, and a hematoma to the liver.

The State charged the defendant with operation of a motor vehicle after having been certified as an habitual offender, aggravated driving while intoxicated, and second degree assault. The indictment for aggravated driving while intoxicated alleged that the defendant "did knowingly drive a vehicle . . . while under the influence of intoxicating liquor and was involved in an accident resulting in serious bodily injury; in that the [vehicle] driven by John MacLeod struck Patricia Pelchat in her vehicle, resulting in serious bodily injury to the legs and body of Patricia Pelchat." The indictment for second degree assault charged that the defendant "did recklessly cause serious bodily injury to another; in that John MacLeod did drive at an excessive rate of speed . . . and did strike Patricia Pelchat in her vehicle, resulting in serious bodily injury to the legs and body of Patricia Pelchat."

The defendant moved to quash the aggravated driving while intoxicated and second degree assault indictments on double jeopardy grounds. Following the Superior Court's (*Perkins*, J.) denial of the motion to quash, the defendant admitted the facts alleged by the State and was found guilty on all counts.

The defendant appeals only his convictions for aggravated driving while intoxicated and second degree assault, arguing that: (1) aggravated driving while intoxicated and second degree assault constitute the same offense under the State Constitution's "same evidence" test for double jeopardy; (2) a single factor — serious bodily injury — impermissibly served to enhance both the driving while intoxicated and assault offenses, in violation of State constitutional principles against "double sentence enhancements"; (3) "sound public policy" reasons prohibit the multiple convictions; and (4) principles of federal law, including the rule of lenity, forbid the dual convictions. We first address the defendant's arguments under the State Constitution, *State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983), citing decisions to the extent that they rely upon federal law only as an aid to our analysis, *see id.* at 233, 471 A.2d at 352.

*I. "Same Evidence" or "Difference in Evidence" Test*

 The double jeopardy clause of the New Hampshire Constitution "protects a defendant from multiple punishments for the same offense." *State v. Gooden,* 133 N.H. 674, 679, 582 A.2d 607, 610 (1990). "Two offenses will be considered the same unless each requires proof of an element that the other does not." *State v. Constant,* 135 N.H. 254, 255, 605 A.2d 206, 207 (1992). Thus, "[m]ultiple indictments are permissible only if proof of the elements of the crimes *as charged* will in actuality require a difference in evidence." *State v. Stratton,* 132 N.H. 451, 454, 567 A.2d 986, 988 (1989) (quotation omitted). The ultimate question is "whether the facts charged in the second indictment would, if true, have sustained the first." *State v. Lucius,* 140 N.H. 60, 65, 663 A.2d 605, 609 (1995) (quotation omitted). As these formulations of the relevant inquiry make clear, we review and compare the statutory elements of the charged offenses in light of the actual allegations contained in the indictments. *Constant,* 135 N.H. at 257, 605 A.2d at 208; *Heald v. Perrin,* 123 N.H. 468, 473, 464 A.2d 275, 278 (1983).

Applying these principles, we reject the defendant's contention that aggravated driving while intoxicated and second degree assault constitute the same offense. The statutory offense of aggravated driving while intoxicated, read in light of the applicable indictment, required the State to prove that the defendant, while under the influence of intoxicating liquor, was involved in a motor vehicle accident resulting in serious bodily injury to another driver. *See* RSA 265:82-a, I(b) (1993). The second degree assault statute, considered in conjunction with the corresponding indictment, required the State to prove that the defendant recklessly caused serious bodily injury to another driver, and that he did so by driving at an excessive rate of speed. *See* RSA 631:2, I(a). Accordingly, evidence of the defendant's intoxication was necessary to the aggravated driving while intoxicated charge but not to the second degree assault charge. Similarly, proof of the defendant's excessive rate of speed was essential to the second degree assault indictment but not to the aggravated driving while intoxicated indictment. Although both offenses shared the common element of serious bodily injury, each required proof that the other did not. The two offenses are therefore not the same for purposes of the State constitutional protection against double jeopardy. *See State v. Brooks,* 137 N.H. 541, 542-43, 629 A.2d 1347, 1348 (1993); *State v. Gosselin,* 117 N.H. 115, 117-18, 370 A.2d 264, 267 (1977).

 Our conclusion is not affected by the defendant's claim that the State might utilize overlapping or reciprocal evidence to

establish both offenses: his excessive rate of speed might be offered to establish impairment for the intoxication element of aggravated driving while intoxicated, while his intoxication might be used to establish the recklessness element of second degree assault. Reduced to its essence, this argument would have us hold·that evidence of intoxication and excessive driving speed should have been presented together in support of a single charge. We have "rejected similar arguments by defendants in the past," *Gooden*, 133 N.H. at 679, 582 A.2d at 610, and see no reason for departing from our previous decisions in this case. Indeed, the defendant here admitted the allegations of intoxication and excessive driving speed that were set forth separately in the different indictments. Consequently, there were "ample separate and distinct" facts to support the two charges. *Id.*

For these reasons, we reject the defendant's argument that his convictions for both aggravated driving while intoxicated and second degree assault violated the "same evidence" or "difference in evidence" test under the State Constitution.

## II. Double Sentence Enhancements

The defendant also contends that his dual convictions for aggravated driving while intoxicated and second degree assault violated "New Hampshire's policy against double sentence enhancements." In particular, the defendant contends that both offenses were enhanced from lower-grade offenses based on a single "statutory enhancer" — serious bodily injury. *Compare* RSA 265:82 (1993 & Supp. 1995) (driving under the influence) *and* RSA 631:2-a (1996) (simple assault) *with* RSA 265:82-a, I(b) (aggravated driving while intoxicated) *and* RSA 631:2, I(a) (second degree assault). According to the defendant, our previous cases prohibit such double-counting of a single factor in order to enhance two offenses. We disagree and take this opportunity to review our so-called "double enhancement" jurisprudence in order to address any confusion.

We begin with *Heald v. Perrin*, in which the habeas corpus plaintiff had been convicted of both robbery while armed with a deadly weapon (armed robbery) and the felonious use of a firearm. *Heald*, 123 N.H. at 470, 464 A.2d at 276. The armed robbery charge and conviction were predicated on the use of a gun in the commission of a robbery. *Id.* at 473, 464 A.2d at 278. The use of the gun had elevated the offense from simple robbery, a class B felony, to armed robbery, a class A felony. *Id.* The charge and conviction for felonious use of a firearm were based on the use of the same gun in the commission of the same armed robbery. *Id.*

Applying the "same evidence" or "difference in evidence" test, we held that the dual convictions violated the State Constitution's protection against double jeopardy. *Id.* at 473-74, 464 A.2d at 278. Noting that the felonious use statute covered the commission of "any felony" with "any . . . firearm," *id.* at 473, 464 A.2d at 278, we explained:

> It is clear that in order to prove the plaintiff guilty of armed robbery, the State had to prove each and every fact that was also required to prove the felonious-use charge, *and not one single fact more.* Conversely, once the State had proven that the plaintiff committed the robbery while armed with a gun, *no additional* evidence was necessary in order to prove the elements of the felonious use of a firearm.

*Id. Heald* therefore recognized that a defendant cannot be convicted of both an underlying felony which is enhanced by use of a gun and felonious use of a firearm based solely on commission of the same underlying felony with the same gun. *Id.* at 474, 464 A.2d at 278.

In *State v. Elbert*, 128 N.H. 210, 512 A.2d 1114 (1986), the defendant was convicted of both attempted murder and felonious use of a firearm. *See id.* at 210, 512 A.2d at 1114. We rejected the defendant's double jeopardy claim, even though the State charged that the murder attempt was perpetrated through use of a firearm. *Id.* at 210-11, 512 A.2d at 1115. Although the State relied on the defendant's use of the same firearm to obtain both convictions, we recognized that the statutory offense of attempted murder was not enhanced by use of a firearm. *See id.* at 213, 512 A.2d at 1117. We therefore concluded that a single enhancement for use of a firearm, through the separate felonious use statute, was constitutionally permissible. *Id.* at 214, 512 A.2d at 1117.

In *State v. Houtenbrink*, 130 N.H. 385, 539 A.2d 714 (1988), we reviewed *Heald* and *Elbert* in the context of convictions for both first degree assault and felonious use of a firearm. *Houtenbrink*, 130 N.H. at 386, 392, 539 A.2d at 715, 719. In *Houtenbrink*, the defendant's use of a deadly weapon (a gun) had elevated the offense of simple assault, a misdemeanor, to first degree assault, a class A felony. *Id.* at 392, 539 A.2d at 719. The defendant's use of the same deadly weapon in the same assault provided the basis for the additional conviction for felonious use of a firearm. *See id.* at 392, 539 A.2d at 719. Relying on *Heald*, we vacated the felonious use conviction as unconstitutional because the assault underlying the felonious use charge was itself enhanced by the use of the same gun. *Id.*

Most recently, in *State v. Paris*, 137 N.H. 322, 627 A.2d 582 (1993), we considered a defendant's claim that his convictions for felony criminal mischief and felonious use of a firearm violated double jeopardy where both offenses involved statutory enhancements. *See id.* at 333, 627 A.2d at 589. In *Paris*, the criminal mischief charge had been elevated from a misdemeanor to a felony because the defendant purposely caused pecuniary loss exceeding $1,000. *Id.* at 335, 627 A.2d at 590. The felonious use of a firearm statute imposed an additional penalty for use of a gun in the commission of the same acts that gave rise to the criminal mischief charge. *Id.* at 334, 627 A.2d at 589. After reviewing our prior decisions, we stated: "It is clear from *Elbert* and *Houtenbrink* that in cases involving multiple penalty enhancements, the double jeopardy analysis turns on the requirements of the enhancement statutes." *Id.* at 334, 627 A.2d at 590. We concluded that the defendant's dual convictions did not violate double jeopardy because the criminal mischief offense was enhanced by the extent of pecuniary loss, while the additional felonious use punishment was triggered by use of a firearm. *Id.* at 335, 627 A.2d at 590.

The defendant here seeks to categorize our prior cases based simply on the number of times a single fact served as an enhancement factor: single enhancements would be permissible, but double enhancements would violate the State Constitution. Although we agree with the defendant that *Elbert* permits a single enhancement for use of a firearm, we believe that the defendant's classification system misconstrues the relevant analysis in cases involving multiple enhancements. In such cases, the applicable standard remains the "difference in evidence" test, which looks to the evidence needed to prove *all* the elements of the enhanced statutory offenses in light of the actual charges. *See Paris*, 137 N.H. at 333, 627 A.2d at 589; *Heald*, 123 N.H. at 473, 464 A.2d at 278.

Thus, the convictions in *Heald* and *Houtenbrink* contravened our double jeopardy clause because the evidence required to prove the elements of the felonious use charge was the same evidence needed to prove the elements of the enhanced underlying offenses, and vice versa. Once the State in *Heald* proved that the defendant committed a robbery with a gun, it necessarily proved the elements of both charged offenses: armed robbery and the commission of a felony (the robbery) with a firearm (the gun). *Heald*, 123 N.H. at 473, 464 A.2d at 278. Similarly, once the State in *Houtenbrink* established proof of assault with a gun, by definition it proved the elements of both charged offenses: first degree assault and the commission of a felony (the first degree assault) with a firearm (the gun). *See*

*Houtenbrink*, 130 N.H. at 392, 539 A.2d at 719. In both *Heald* and *Houtenbrink*, the felonious use of a firearm charge simply incorporated and reflected the entirety of the other charged offense. As nothing more than a mirror image of the enhanced underlying offense, the felonious use charge constituted the same offense under the State Constitution.

In contrast, no double jeopardy violation arose from the dual convictions in *Paris* because the felonious use of a firearm and felony criminal mischief charges each required proof that the other did not. *See Paris*, 137 N.H. at 335, 627 A.2d at 590. The felony criminal mischief charge required proof of pecuniary loss exceeding $1,000, which was irrelevant to the felonious use charge. Proof of firearm use was essential to the felonious use charge but immaterial to the felony criminal mischief charge. *See id.*

■ It is clear from these cases that resolution of the defendant's "double enhancement" claim turns on a comparison of the two statutory enhanced offenses *in their entirety. See Paris*, 137 N.H. at 334, 627 A.2d at 590. As discussed previously, the State needed to prove intoxication and serious bodily injury, but not recklessness based on excessive driving speed, in order to support the enhanced offense of aggravated driving while intoxicated. *See* RSA 265:82-a, I(b). In order to establish the elevated offense of second degree assault, the State was required to prove both recklessness through excessive driving speed and serious bodily injury, but not intoxication. *See* RSA 631:2, I(a). Although both enhanced offenses shared the triggering factor of serious bodily injury, the dual convictions do not violate double jeopardy because each charged offense required proof that the other did not.

Our decision to apply the general "difference in evidence" test to the defendant's "double enhancement" claim finds further support both in the Criminal Code and in our prior cases involving offenses with common elements. The Criminal Code specifically defines "'[e]lement of an offense'" to include "a result of conduct" that "[e]stablishes the required kind of culpability." RSA 625:11, III(b) (1996). We have consistently held that multiple convictions do not violate double jeopardy merely because the offenses contain a shared element. *See Brooks*, 137 N.H. at 542-43, 629 A.2d at 1348; *State v. McNally*, 122 N.H. 892, 897, 451 A.2d 1305, 1308 (1982); *Gosselin*, 117 N.H. at 117-18, 370 A.2d at 267. We see no principled basis for reaching a different result here with the element of serious bodily injury — a result of conduct that establishes the required kind of culpability.

### III. Public Policy Considerations

The defendant also argues that this court should discard the "difference in evidence" test in favor of some modified version of the "same transaction" rule in order to keep pace with creative "modern statute writing and overzealous prosecutors." We have squarely rejected the "same transaction" test in the past, *Gosselin*, 117 N.H. at 118-19, 370 A.2d at 267-68, and have recently reaffirmed our commitment to the "same evidence" or "difference in evidence" test. *State v. Goodnow*, 140 N.H. 38, 42, 662 A.2d 950, 952 (1995). Those decisions control here. Finally, our trial courts have both the authority and the obligation to curb the prosecution's broad discretion if "overcharging" poses dangers of confusion, harassment, or other unfair prejudice. *State v. Goodwin*, 116 N.H. 37, 38, 351 A.2d 59, 60 (1976); *State v. Bergeron*, 115 N.H. 70, 72, 333 A.2d 721, 723 (1975). We find no error in the superior court's implicit conclusion that no such "overcharging" occurred here.

### IV. Federal Principles of Double Jeopardy

The defendant finally argues that principles of federal law, including the rule of lenity, prohibit his dual convictions. The test for double jeopardy formulated by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299 (1932), asks whether each statutory provision "requires proof of a fact which the other does not." *Id.* at 304. Our earlier analysis applying the State Constitution's "difference in evidence" test disposes of the defendant's claims under *Blockburger.*

The defendant's reliance on *Bell v. United States*, 349 U.S. 81 (1955), and the rule of lenity, is similarly misplaced. The rule of lenity serves as a guide for interpreting criminal statutes where the legislature failed to articulate its intent unambiguously. *See State v. Bailey*, 127 N.H. 811, 815, 508 A.2d 1066, 1069 (1986). The rule generally holds that ambiguity in a criminal statute should be resolved against an interpretation which would increase the penalties or punishments imposed on a defendant. *See Stratton*, 132 N.H. at 455, 567 A.2d at 988-89; *Bailey*, 127 N.H. at 814, 508 A.2d at 1069. Although the rule of lenity may serve to resolve ambiguity, it cannot be used to create ambiguity. *Bailey*, 127 N.H. at 814, 508 A.2d at 1069. Because the statutes at issue here unambiguously impose separate punishments for causing serious bodily injury (1) through driving while intoxicated and (2) through reckless conduct, the rule of lenity is inapplicable. Moreover, we decline the defendant's invitation to find ambiguity in our legislature's failure to make explicit the appropriateness of multiple convictions in cases like this

one. *See Albernaz v. United States*, 450 U.S. 333, 340-42 (1981). If anything can be presumed from the legislature's asserted silence, it is that the legislature intended to provide cumulative, not alternative, punishments for individuals whose intoxicated driving and distinct reckless conduct cause serious bodily injury to others.

*Affirmed.*

All concurred.