Hillsborough-northern judicial district
No. 95-321

THE STATE OF NEW HAMPSHIRE

v.

EDWARD RINGUETTE

July 10, 1997

*Jeffrey R. Howard*, attorney general (*Malinda R. Lawrence*, attorney, on the brief and orally), for the State.

*David M. Rothstein*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J. The defendant, Edward Ringuette, appeals the sentence imposed by the Superior Court (*Sullivan*, J.) relating to his misdemeanor stalking conviction. The superior court sentenced the defendant to two consecutive twelve-month sentences in the house of correction, one of which was imposed pursuant to the enhanced penalty provision of RSA 597:14-b, I(b) (Supp. 1996), and to probation. A sentencing condition prohibits the defendant from having any contact with his stalking victim. On appeal, the defendant argues that his sentencing enhancement violates the double jeopardy provisions of the State and Federal Constitutions and that the "no contact" provision violates the due process requirements of the State Constitution. We affirm.

*I. Double Jeopardy*

In August 1994, the State charged the defendant with the simple assault of his wife, Candy Ringuette. The Manchester District Court (*Capistran*, J.) released the defendant on bail with a condition that the defendant not bother the victim or go within three hundred yards of her. While released on bail, the defendant entered the victim's apartment and communicated with her.

The State subsequently charged the defendant with stalking pursuant to RSA 633:3-a, I(d)(5) (1996). The complaint alleged that the defendant after having "been provided notice of an order prohibiting him from having contact with Candy Ringuette . . . knowingly violate[d] that order . . . ." The relevant provision of the statute defines stalking as:

> After being served with, or otherwise provided notice of, . . . an order that prohibits the person from having contact with specific individuals pursuant to RSA 597:2 [Release of a Defendant Pending Trial], on a single occasion and in violation of the provisions of such order to:
>     (A) Follow another person from place to place; or
>     (B) Appear in proximity to any other place described in the . . . bail order.

RSA 633:3-a, I(d)(5).

The superior court sentenced the defendant to twelve months for stalking in violation of RSA 633:3-a. Because the defendant committed the stalking offense while released on bail, he was sentenced to an additional twelve months pursuant to RSA 597:14-b, I(b), which provides: "A person convicted of an offense while released pursuant to this chapter shall be sentenced, in addition to the

sentence prescribed for the offense to: . . . (b) A maximum term of imprisonment of not more than one year if the offense is a misdemeanor." Pursuant to RSA 597:14-b, II (Supp. 1996), the defendant is to serve the second term of imprisonment consecutively to the first.

Relying on *Heald v. Perrin*, 123 N.H. 468, 464 A.2d 275 (1983), the defendant asserts that a court may impose a penalty pursuant to a sentencing enhancement statute only if "proof of the elements of the crimes as charged will in actuality require a difference in evidence." *Id.* at 473, 464 A.2d at 278 (emphasis deleted). The defendant contends that his consecutive terms of imprisonment constitute multiple punishments for the same offense, violating double jeopardy because the sentencing enhancement factor constituted an element of the substantive offense of stalking. Conversely, the State asserts that the defendant was convicted of *one* offense for which the defendant received a constitutionally permissible single sentencing enhancement. We agree with the State.

■ We confine our double jeopardy analysis to the State Constitution because the United States Constitution does not afford the defendant greater protection. *See Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983); *United States v. Jackson*, 891 F.2d 1151, 1153 (5th Cir. 1989). Our holding rests on the State Constitution, and we use federal cases solely as analytical aids. *See State v. Smith*, 141 N.H. 271, 275, 681 A.2d 1215, 1218 (1996).

■ Part I, article 16 of the New Hampshire Constitution provides that "[n]o subject shall be liable to be tried, after an acquittal, for the same crime or offense." We have interpreted part I, article 16 as forbidding "multiple punishments for convictions on separate charges that constitute the same offense." *State v. Lucius*, 140 N.H. 60, 65, 663 A.2d 605, 609 (1995). The test for determining whether sentences for two charges constitute multiple punishments for the same offense is the "difference in evidence" test, *State v. MacLeod*, 141 N.H. 427, 431-33, 685 A.2d 473, 477-78 (1996), which considers "whether proof of the elements of the crimes as charged will in actuality require a difference in evidence," *Heald*, 123 N.H. at 473, 464 A.2d at 278 (emphasis deleted). Here, however, the defendant was charged with only one offense. In the context of multiple punishments for the same offense, we have only recognized a double jeopardy violation in cases in which the defendant has been at least twice convicted and at least twice sentenced for separate charges that amounted to the same offense. *See Lucius*, 140 N.H. at 64, 663 A.2d at 608; *State v. Hutchinson*, 137 N.H. 591, 596, 631 A.2d

523, 526 (1993); *State v. Houtenbrink*, 130 N.H. 385, 386-87, 539 A.2d 714, 715 (1988); *Heald*, 123 N.H. at 470, 464 A.2d at 276; *see also State v. Hennessey*, 142 N.H. 149, 162, 697 A.2d 930, 938-39 (1997) (rejecting double jeopardy assertion where defendant was convicted once pursuant to RSA 632-A:2, I(*l*) (1996) and sentenced once under RSA 651:6, I(f), II(a) (1996)). *See generally MacLeod*, 141 N.H. at 430-33, 685 A.2d at 476-78 (summarizing double sentence enhancement cases).

The defendant urges us to extend our double jeopardy protections against multiple punishments to cases involving only one charged offense and one enhanced sentence. We have never recognized a double jeopardy violation in these circumstances and decline to do so now. Furthermore, the "difference in evidence" test has no application to cases involving a single conviction for a charged crime and a single enhanced sentence because the very language of the "difference in evidence" test contemplates multiple charged crimes as it compares "the elements of the *crimes* as charged." *Heald*, 123 N.H. at 473, 464 A.2d at 278 (emphasis added and deleted); *see MacLeod*, 141 N.H. at 430-33, 685 A.2d at 477-78.

■ Our legislature modeled RSA 597:14-b after the Federal Bail Reform Act of 1984. N.H.S. JOUR. 599 (1987). Both State and federal statutes provide that a defendant who commits an offense while released on bail shall receive a sentence in addition to the sentence prescribed for the underlying offense. *Compare* RSA 597:14-b *with* 18 U.S.C.A. § 3147 (Supp. 1997). We find instructive the federal case law demonstrating that the additional sentence imposed for offenses committed while released on bail constitutes a sentence enhancement, not a separate offense and sentence. *See Jackson*, 891 F.2d at 1152; *United States v. Di Pasquale*, 864 F.2d 271, 279-80 (3rd Cir. 1988); *United States v. Feldhacker*, 849 F.2d 293, 299 (8th Cir. 1988); *United States v. Patterson*, 820 F.2d 1524, 1526 (9th Cir. 1987). The statute's plain language indicates an intention that RSA 597:14-b constitute a sentence enhancement provision, rather than an independent offense and sentence. *See Jackson*, 891 F.2d at 1152. Further, the statute possesses the main characteristic of an enhancement provision — the express predication of punishment upon the conviction of an underlying offense. *See id.* Accordingly, we reject the defendant's argument that he received multiple punishments for the same offense, and hold that the defendant received one permissible enhanced sentence for his stalking conviction.

■ The legislature is free to define crimes and provide constitutional sentences for crimes. *See Brown v. Ohio*, 432 U.S. 161, 165

(1977). The legislature may define separate and more severely punishable classes of offenses by reference to certain aggravating factors. *See State v. Elbert*, 128 N.H. 210, 213, 512 A.2d 1114, 1116-17 (1986); *Heald*, 123 N.H. at 475, 464 A.2d at 279. To illustrate, "the legislature is perfectly free to provide that robbery committed by an armed defendant is more serious than unarmed robbery." *Elbert*, 128 N.H. at 213, 512 A.2d at 1117; *see* Thomas, *Multiple Punishments for the Same Offense: The Analysis After Missouri v. Hunter*, 62 WASH. U. L.Q. 79, 87 (1984). It is equally true that the legislature may attach a more severe sentence to a crime based on the presence of certain identified enhancers. That the bail order constituted an element of the stalking offense and also triggered the enhanced sentence in this case does not violate double jeopardy. *See Hennessey*, 142 N.H. at 162, 697 A.2d at 938-39 (age of victim both element of offense and trigger for extended sentence).

## II. "No Contact" Sentence Condition

As originally expressed, the duration of the "no contact" condition could have exceeded the defendant's sentence because it indefinitely banned contact pending modification of the order. The defendant moved for reconsideration. At the reconsideration hearing, the trial court attempted to clarify the duration of the "no contact" provision. Specifically, the court acknowledged that the condition is "certainly in effect for the time [the defendant is] at Marathon House, for the time of the suspended sentence and for the time of probation . . . ." The court, however, questioned the enforceability of the condition beyond the probationary period. We interpret the duration of the provision as not exceeding the defendant's probationary period.

The defendant's trial counsel conceded the lack of a constitutional objection to the condition being effective through the probationary term. As interpreted, the condition was within the trial court's discretion to impose.

*Affirmed.*

All concurred.